<div style="text-align:right; font-variant:small-caps;">
ALBANY,<br>
Jan. 1831.<br>
Otis<br>
v.<br>
Hitchcock.
</div>

---

### OTIS *vs.* HITCHCOCK.

A *repleader* will be awarded where, in pleading an *insolvent discharge*, the defendant omits to aver that he was an *inhabitant,* or *imprisoned* in the county where his discharge was granted.

Where a repleader is awarded, neither party is entitled to costs.

CASE of *repleader.* The defendant, in an action of assumpsit on a promissory note, pleaded *non-assumpsit* and an *insolvent discharge,* exempting him from imprisonment. The plaintiff joined issue upon the first plea, and denied the granting of the discharge. The cause was tried, and the jury found for the *plaintiff* on the first plea, and for the *defendant* on the second. The plaintiff now moved for a *general* judgment, *non obstante veredicto,* on the ground that the second plea does not allege that the defendant was an *inhabitant* of the county where the officer resided to whom the petition for his discharge was presented, or that he was *imprisoned* in such county. 1 *R. L.* 463, § 6. *Laws of* 1819, *p.* 117, § 4. The defendant insisted that a repleader should be awarded.

*J. L. Viele,* for plaintiff.

*J. Edwards,* for defendant.

*By the Court,* MARCY, J.   The plea setting forth the dis= charge is substantially defective.   It does not set forth enough to shew that the officer granting it had jurisdiction.   It does not aver that the defendant was imprisoned in, or a resident of Ontario county, when he made his application to the first judge thereof for his discharge.   Is this a case for a replead= er, or shall a general judgment be given for the plaintiff, not= withstanding the verdict for the defendant, on the issue form= ed by this plea ?   Where a plea is good in form, but not in fact, or, in other words, if it contain a defective title or ground of defence, by which it is apparent to the court, up= on the defendant's own showing, that in any way of putting it he can have no merits, and the issue joined thereon be found for him, there, as the awarding the repleader could not mend the case, the court will at once give judgment, *non ob= stante veredicto ;* but where the defect is not in the title, but in the manner of stating it, and the issue joined thereon is immaterial, so that the court know not for whom to give judgment, there they will award a repleader.   A judgment *non obstante veredicto* is always on the merits ; a repleader, upon the form and manner of pleading.   *Tidd's Pr.* 830, 1. The cases referred to by Mr. Tidd clearly illustrate the dis= tinction pointed out by him.   Lord Mansfield says : " Where a finding upon an issue does not determine the right, the court ought to award a repleader, unless it appear from the whole record that no manner of pleading the matter could have availed."   *Rex* v. *Phillips,* 1 *Burr.* 301.   Lord Holt, in *Staples* v. *Heyden,* 2 *Ld. Raym.* 924, took this distinction : Where the defendant confesses a trespass, and avoids it by such a matter as can never be made good by any sort of plea, judgment shall be given upon the confession, without regard to such an immaterial issue ; but where the matter of the justification is such as, if well pleaded, would be a good justification, there, though it be ill pleaded, that shall not be taken to be a confession of the plaintiff's action.

Let us apply the doctrine of these cases to the one before us. We cannot say the defect is in the matter of the defence set forth in the second plea; there is a defect in the form of pleading the matter, in consequence of which we are unable to say with whom the right is. It does not appear whether the officer who granted the discharge had jurisdiction or not; and the issue, therefore, upon the fact of his having granted such a discharge, is immaterial. It determines no right, whether found for the one party or the other. This record then seems to shew a case for a repleader. We cannot say, that in no way of pleading the defence which the defendant has attempted to put forth in his second plea, it cannot be good. We can see, that by a simple averment that the defendant was an actual resident of Ontario county when he presented his petition to judge Howell, his plea would be a good one; and there is nothing in the facts set forth by him, to shew that he cannot consistently with truth make that averment. If it had appeared affirmatively in the plea that the defendant, when he presented his petition to the first judge of Ontario, was not imprisoned in that county, but was actually an inhabitant of Monroe county, the plea would have shewn a defective defence. The discharge not only *might be*, but of necessity *must be* in such a case void. It would not, by a defect in the form of the plea, have left it a matter of doubt whether the officer had jurisdiction or not; but it would have appeared positively upon the face of the plea, perfect in its form, that he had not jurisdiction. Inasmuch as this plea does not shew that the discharge could not have been so pleaded as to be available as a defence, this is not a case for a judgment *non obstante veredicto*, but for a repleader.

Where a repleader is awarded, neither party is entitled to costs. Both parties are considered in fault : the defendant for putting in a defective plea, and the plaintiff for taking issue upon it, instead of demurring. 2 *Ventr.* 196. *Sayer on Costs, ch.* 11.

Repleader awarded.