By the Court. Duer, J.
In our opinion, there is in this case only a single question which is necessary to be considered. The plaintiff is clearly entitled to retain the verdict, unless the clause in the conditions annexed to the policy relative to the use of camphene, must be construed as a warranty. If such must be its construction, there was sufficient evidence of its breach to render it necessary that the question should have been submitted to the jury ; and as it was not thus submitted, there must be a new trial. If there was no such warranty, the plaintiff must have judgment upon the verdict.
*494 The question whether a particular provision in a policy shall, or shall not, be construed as a warranty, and the effect of the construction when adopted, are exactly the same, whether the insurance be against fire upon land, or against marine risks— and we deem it needless to cite authorities to prove that such is the settled law. In neither case, is the policy usually signed by the assured ; yet, in both, a provision that a particular state of facts shall or shall not exist, or a particular act shall or shall not be performed,- is construed as a positive stipulation by the assured that the provision shall be complied with. It therefore constitutes a warranty, the breach of which, although wholly unconnected with the loss that is claimed, by avoiding the contract, discharges the insurer.
Nor in the case of an insurance against fire, is it of any consequence whether the provision relied on as a warranty, be found in the policy itself, or in the terms and conditions which are annexed ; since, by an express clause in the policy, the rights and obligations of the parties as much- depend upon these terms and conditions as upon the special provisions in the body of the instrument. They are, therefore, an integral and essential part of the contract.
The provision we are now required to construe, and which is found in the terms annexed to the policy, is in these words;
“ Camphene, spirit gas, or burning fluid, when used in stores or warehouses, as a light, subjects the goods therein to an additional charge of 10c. per $100, and premium for such use must be endorsed, in writing, upon the policy.”
In considering this case, our first impression undoubtedly was, that this clause amounted to a conditional prohibition of the use of camphene as a light, and must, therefore, be construed as a warranty by the assured against such use, unless the prescribed conditions should be complied with; but upon further reflection, we became satisfied that such is not the necessary construction of the words of the clause, and that they may be very fairly and reasonably understood in a very different sense. The words, we are now satisfied, are ambiguous; they may mean that if camphene shall be used, the company shall not be liable for a loss resulting from its use, unless the additional premium shall be paid, and its payment be endorsed; *495 or, that unless these conditions are complied with, camphene shall not be used at all. Upon the first construction, the only effect of the clause is to except a particular risk, the use of camphene as a light, from the general risks of the policy. Upon the second, the effect is to create a warranty. If we adopt the first, as there was no evidence that the loss resulted from the use of camphene, the verdict must stand. If the second, as there was evidence that by the use of camphene the warranty was broken, there must be a new trial.
The inquiry, therefore, now is, which is the construction, which as probably most consonant with the intention of the parties, judging of the intent by the settled rules of interpretation, it is the duty of the court to adopt.
Ho rule, in the interpretation of a policy, is more fully established, or more imperative and controlling, than that which declares that, in all cases, it must be liberally construed in favor of the assured, so as not to defeat without a plain necessity, his claim to the indemnity, which, in making the insurance, it was his object to secure. When the words are without violence susceptible of two interpretations, that which will sustain his claim and cover the loss, must in preference be adopted. (Pelly v. Royal Ex. Assur. Co., 1 Burr, 341, 348; Blackett v. Royal Ex. Assur. Co., 2 Cromp. & Jar. 244; Yeaton v. Fry, 5 Cranch, 355; Palmer v. Warden, 1 Story, 360.) Hor is this an arbitrary rule of construction. On the contrary, it follows from the very nature of an insurance, as a contract of indemnity, and has been adopted and confirmed from the conviction that the construction to which it leads is probably that which the real intention of the parties requires shall he followed. (Dorr v. Whithen, 1 Hall Sup. Ct. R. 174; Opinion of Jones, Ch. J.)
It is evident, it seems to us, that this general rule applies with a peculiar force, when the court is required to say, that the words of a disputed clause must be construed as a warranty.
The construction that bur own, as well as the English courts, have unfortunately given to a warranty, is exceedingly strict, but it is too well established to be now changed by any exercise of judicial discretion. It is not enough, that a provision construed as a warranty in its spirit and substance is fulfilled; its *496 terms must be literally complied with. Its breach is not excused by showing that it was the result, not of choice but of accident or necessity; that it worked no prejudice to the insurer, and not only had no influence on the loss that is claimed, but had no tendency to increase, or even vary, the risks that were meant to be assumed. If a breach, however slight, and confessedly immaterial,' is proved, the entire contract is at an end, the assured loses his indemnity, and the insurer retains his premium, and rejoices in his discharge. When the provision that is claimed to be a warranty is, at all, ambiguous, it seems to us, it is a reasonable presumption that the assured never meant to bind himself by a stipulation thus rigidly construed, and we cannot but think, that this presumption, unless the words used are such as plainly, if not necessarily to exclude it, ought to prevail. Certainly, it cannot be said that this presumption is plainly excluded by the words of the clause that is now under consideration. On the contrary, the words, “camvphene, <&e.” “ when used, &c.,” imply the possibility of its future use, and those which follow, may well be construed as a mere declaration of the consequences of such use, not as a conditional prohibition; as meaning only that unless the premium shall be paid, the particular risk will not be assumed. They may well be construed, therefore, as an exception of a loss resulting from the risk, instead of a warranty that the fact creating the risk Shall not exist.
The terms of the clause which immediately precedes that we are considering, strengthen our belief that the construction we have stated is reasonable in itself, and, probably, expresses the true intention of the parties.
The terms of this clause are, that “ saltpetre, gunpowder, and cotton are expressly prohibited from being deposited, stored, &c., in any building, &c., containing any goods or merchandise insured by this policy, unless by special consent in writing.” And it is difficult to account for the immediate and marked change of phraseology in the next clause, upon any other supposition than that of a change of intention. If the use of camphene was meant to be prohibited in the same sense as the storage of gunpowder, we can discover no reason why the prohibition was not express, in the one case, as well as in the *497 other. Had the intent been the same, it seems to us that such would have been the language; whereas if the intent in the second clause was to create an exception and not a warranty, the alteration in the mode of expression was proper and necessary.
In the recent case in the Court of Appeals, to which we were referred on the argument, in which the clause relative to the use of camphene was held to he a warranty, we have asceiv tained that the words, in the last member of the clause, were materially different. They were, that 4 permission ” for such use (ir e. of camphene) must be endorsed upon the policy—and necessarily implied that without a permission so evidenced, the use was forbidden. The words 4 premium for such use, &c.,” carry with them no such implication; but as we have already shown, taken in connexion with those that precede them, are satisfied by holding them to mean, that unless the required premium should be paid and endorsed, the risk would not he assumed. We therefore think that we are bound to say that they created an exception, and not a warranty, and that the plaintiff is entitled to our judgment,
Judgment for plaintiff, with costs,