CASE 91—ORDINARY—APRIL 8.

## Lewis, &c., v. Mansfield, &c.

APPEAL FROM HART CIRCUIT COURT.

1. The taking of a bond of indemnity by a sheriff in case of levy upon property under attachment does not deprive a claimant of the property levied on of his right of action upon the sheriff's official bond.

J. A. DAWSON AND H. C. MARTIN FOR APPELLANTS.

The execution of a bond of indemnity to the sheriff does not prevent a suit against him and his sureties upon his official bond. (Civil Code, 643, 211.)

JULIUS R. CURLE FOR APPELLEES.

The demurrer was properly overruled. The bond of indemnity executed to the sheriff cuts off the appellants' right of action against the appellees. (Civil Code, secs. 211, 643.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

This action was instituted by the claimant of property against the sheriff, on his official bond, charging an unauthorized seizure and sale under attachment.

Before levying the attachment, and before making the sale, the sheriff, being in doubt as to whether the property

Lewis, &c., v. Mansfield, &c.

was liable to the attachment, demanded and obtained a bond of indemnity, conditioned to pay the sheriff or any claimant of the property any damages they might suffer in consequence of the seizure under the attachment.

The sole question is, whether the owner of the property may sue upon the bond of the sheriff, given for the faithful discharge of his duties in general, or whether the owner is compelled to resort to the bond of indemnity.

Section 211 of the Civil Code authorizes the sheriff, when in doubt whether property is subject to attachment, to demand a bond "to the effect that the obligors will *indemnify the officer* against any damage he may sustain by reason of the levy of the attachment."

Section 641, in reference to executions, authorizes a bond to indemnify the officer levying the execution and to pay to any claimant such damages as he may suffer; and section 643 provides that the claimant or purchaser of such property shall be barred of any action against the officer for such seizure if the surety on the indemnifying bond was good at the time the bond was taken.

It is clear that section 643 applies to the seizure or sale of property under execution, and not to a seizure or sale under attachment.

If the remedy on the bond in the case of executions was not made exclusive by the express letter of the Code, the person injured by the levy and sale would be entitled to look for indemnity both to the official bond of the officer and to the bond of indemnity given in the particular instance. The bond of indemnity in such case would furnish only an additional security to the claimant of the property wrongfully seized under execution; and if section 211 authorized a bond to be taken to indemnify the claimant, as there

is no provision that it shall exempt the officer from liability
by reason of the seizure, it would only furnish a cumulative
remedy to the owner of the property.   But that section does
not authorize any bond to be taken except one to indemnify
the officer, and as the bond in this case goes further, it is
questionable whether it is enforceable at all.   That point we
do not decide.   We do decide, however, that no matter
what the form of the bond, it cannot operate to take away
the remedy of the party injured, which is given him in the
official bond of the officer.   In entering upon his office, the
sheriff executes a bond for the faithful discharge of his
duties, to which every citizen has a right to look for indem-
nity, and no act of the officer can take away this right,
unless, as in the case of executions, the law expressly so
provides.   To hold otherwise would be to compel one
injured by the act of an officer to release the security given
him by the execution of the official bond, and to accept
another, taken probably without his knowledge or consent.
It may be well for the proper administration of justice to
relieve the officer from liability on his official bond, when
the bond of indemnity is a sufficient security ; but this can
only be done by express provision of the law, which is not
the case where the officer takes a bond of indemnity against
the wrongful seizure of property under attachment.

The judgment of the court below, holding that the claim-
ant of the property had no right to proceed upon the sheriff's
bond, on account of the execution of the bond of indemnity,
and dismissing appellant's petition, is reversed, and cause
remanded, with directions for further proceedings.