Addie Rothschild

*v.*

Charles J. Bruscke *et al.*

*Filed at Ottawa January 21, 1890.*

1. Set-off—*against beneficial plaintiff.* Where suit is brought by a party in his own name, for a debt due him, in trust for another, and the nominal plaintiff has no interest in the cause of action, it seems the better rule is to allow the defendant to set off so much of any demand held by him against the beneficial plaintiff, as will satisfy the plaintiff's demand, and thus lessen litigation.

2. Same—*practice—how to question a set-off against beneficial plaintiff.* If the nominal plaintiff in a suit wishes to question the defendant's right to plead, by way of set-off, a debt due him from the person for whose use the suit is brought, he should demur to such plea, and not plead that the cause of action is his own sole property. A motion by the plaintiff to exclude defendant's evidence can not operate as a demurrer to the plea.

3. Practice — *immaterial issue—judgment non obstante veredicto.* Where the issue upon a plea is wholly immaterial the verdict or findings will be set aside, the rule being, that "when the matter, be it never so well pleaded, could signify nothing, judgment may, in such cases, be given as by confession." The general rule at common law is, that when the finding is decisive of the merits, it cures the issue; but when it is not thus decisive, the judgment must be arrested and a repleader awarded.

4. Demurrer to evidence—*as a waiver of defect in the pleadings.* As the only question presented on a demurrer to evidence is whether the evidence is sufficient, in law, to maintain the issues of fact, no exception can, on such demurrer, be taken to any defect in the pleadings. The demurrer does not extend to them.

5. Defective issue—*cured after verdict.* Where a plea of set-off is pleaded of a debt due the defendant by a third person who is alleged to be the sole owner of the cause of action, if the plaintiff replies setting up his ownership and denying that of the third party, and the issue is found against the plaintiff, the defect in the issue, if one at all, will be cured by the finding, and the judgment will not be arrested.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. John P. Altgeld, Judge, presiding.

Messrs. Flower, Smith & Musgrave, for the appellant:

There was no objection to, and therefore no error in, amending so as to change the parties plaintiff. The statute is broad and liberal. 1 Starr & Curtis, (2d ed. 1787,) p. 265; *Life Ins. Co.* v. *Mueller,* 77 Ill. 22; *McDowell* v. *Town,* 90 id. 359; *Thomas* v. *Insurance Co.* 108 id. 91; *Sidway* v. *Marshall,* 83 id. 438; *McCall* v. *Lee,* 120 id. 361.

Parol evidence was not admissible to change the terms of the note. *Walters* v. *Smith,* 23 Ill. 342; *Weaver* v. *Fries,* 85 id. 356; *Wood* v. *Surrells,* 89 id. 107; *Schroer* v. *Wessell,* 89

id. 113; *Bristow* v. *Catlett*, 92 id. 17; *Courtney* v. *Hogan*, 93 id. 101.

Mr. Fred. W. Story, for the appellees:

The plaintiff was not entitled to recover any amount in this action, for the reason she did not own the note when the action was brought. Every suit must be decided upon the facts as they existed at the time the suit was brought. Sedgwick on Damages, 102; *Rundle* v. *Little*, 62 B. 174; *Lee* v. *Len*, 4 B. & C. 399; 6 D. & R. 475; *Bartlett* v. *Holmes*, 13 C. B. 630; *Davis* v. *Chapman*, 3 Scott New. Rep. 238; *Warner* v. *Bacon*, 8 Gray, 397; *Langford* v. *Owsley*, 2 Bibb, 215; *Greenup* v. *Stoker*, 2 Gilm. 688.

The set-off against Rothschild & Sons was properly allowed, the note sued on being paid for with their money.

In *Engs* v. *Matson*, 11 Bradw. 639, the court allowed a principal defendant, when sued with his sureties upon a replevin bond, to set off against the plaintiff's claim a debt due to him individually. So in *Himrod* v. *Baugh*, 85 Ill. 435, the same principle was recognized, and the case in 11 Bradw. approved. Also, *Hayes* v. *Cooper*, 14 Braw. 490. See, also, *Winstass* v. *Metcalf*, 6 Ala. 756.

It is respectfully submitted that the judgment below was right, and being absolutely just, should be affirmed on the authority of the following cases: *Leigh* v. *Hodges*, 3 Scam. 15; *Gillett* v. *Sweat*, 1 Gilm. 475; *Elam* v. *Badger*, 23 Ill. 498; *Wheeler* v. *Shields*, 2 Scam. 348; *Calhoun* v. *O'Neal*, 53 Ill. 354; *Dishon* v. *Schorr*, 19 id. 59; *Beard* v. *Maxwell*, 113 id. 440.

Mr. Justice Magruder delivered the opinion of the Court:

This is an action of assumpsit, originally brought by S. Kuhn & Sons on May 14, 1887, in the Superior Court of Cook County, against the appellees upon a note signed by them under the firm name of Bruscke & Ricke, dated December 23,

1886, for the sum of $1000.00 payable sixty days after date to the order of appellant, and by her endorsed.

S. Kuhn & Sons filed a declaration in the case to which the appellees as defendants filed pleas. S. Kuhn & Sons, who were bankers and had discounted the note in February, 1887, demanded payment thereof from appellant, the endorser, in March, 1888, and, receiving from her $1066.81, transferred the note to her and ordered the suit to be continued in her name. On motion of their attorneys leave was given them to substitute Addie Rothschild as plaintiff in place of themselves, which was accordingly done.

On March 24, 1888, a new declaration upon the note was filed in the cause by appellant as plaintiff, and the cause thereafter proceeded in her name.

We do not deem it necessary to determine whether the action of the trial court, in permitting the name of the appellant to be substituted for the names of S. Kuhn & Sons as plaintiffs in the cause, was erroneous or not. The appellant does not complain of such action here; nor are the appellees in a position to complain of it. The appellees made no objection and took no exception to the substitution of appellant as plaintiff in the trial court. On the contrary they filed four pleas to appellant's declaration, and went to trial upon the issues thereby made. Upon the trial, when the plaintiff introduced the note in evidence, they made no objection to its introduction. They seemed to be satisfied that appellant had become the plaintiff in the suit, because the defenses, which they sought to make against her, could not have been set up against S. Kuhn & Sons.

The cause was tried by agreement before one of the judges of the Superior Court without a jury, and judgment was rendered in favor of the defendants below, appellees here. This judgment has been affirmed by the Appellate Court. Appellees have assigned no cross-errors, and it is difficult to understand how they can be heard to complain of proceedings, which enured to their benefit and resulted in their favor.

Upon the trial below no written propositions were submitted to the Court to be held as law in the case; but, after the defendants had closed their evidence and rested, the plaintiff made a motion "to exclude all the defendants' testimony as not establishing a defense." This motion was overruled and exception taken by the plaintiff. The action of the trial court in overruling such motion is the main ground upon which appellant seeks a reversal of the judgment. We do not think that the trial court erred in refusing to exclude all of the testimony of the defendants.

The fourth plea filed by the defendants was a plea of set off, alleging that R. Rothschild & Sons were indebted to the defendants upon five promissory notes of $200.00 each, dated respectively October 26 and 28, November 2 and 17, and December 7, 1886, executed by Rothschild & Sons, payable to the order of defendants and each payable three months after its date, and that the note sued upon in this case is and always has been the property of Rothschild & Sons and not of Addie Rothschild, the plaintiff, and that the real consideration for which it was given, moved from Rothschild & Sons to the defendants. The five notes were introduced in evidence and copies of them are set forth in the record. The testimony shows that Addie Rothschild was the wife of Charles Rothschild, one of the members of the firm of Rothschild & Sons. The testimony tends to show, that the money received by the defendants, when they gave the note, belonged to Rothschild & Sons, and that they really owned the note although it was made payable to the order of appellant.

If the averments of the fourth plea are true, the appellant was only a nominal plaintiff and held the note in trust for Rothschild & Sons, who were the real parties interested. Whether the indebtedness to the defendant, which can be set up in a plea of set off, must be an indebtedness from the plaintiff named on the record, or whether it may be an indebtedness from the real party interested for whom the nominal

plaintiff merely acts as trustee, is a question which has never been directly decided by this Court. In a number of cases, however, it has been said that "under the statute a set off must be mutual between the parties to the record, *or the parties in interest,*" etc. (*P. and O. R. R. Co.* v. *Neill,* 16 Ill. 269.) In *Engs* v. *Matson,* 11 Bradw. 639, where a large number of authorities were carefully reviewed, it was held, that, under our statute, the plaintiff, whose indebtedness could be pleaded as a set off, was not merely the nominal plaintiff, but the real party in interest.

The authorities in favor of this position in other States are quite numerous. Waterman in his work on Set Off says: "By mutual debts between the parties is meant the real and not merely the nominal plaintiff and defendant." (sec. 218.) The same author, while admitting that there is conflict of authority upon the question, refers to a number of cases in New York, Pennsylvania, New Hampshire, Massachusetts, Indiana, etc., which hold, that, when an action at law is brought by a person in his own name for a debt due to him in trust for another, the defendant can set off a demand against the *cestui que trust.* (secs. 285 to 287, inclusive). To the same effect are the following cases: *Wolf* v. *Beales,* 6 Serg. & Rawle, 242; *Henry* v. *Scott,* 3 Ind. 412; *Caines* v. *Brisban,* 13 Johns. 9; *Driggs* v. *Rockwell,* 11 Wend. 504; *Corser* v. *Craig,* 1 Wash. C. C. Rep. 424; *Ransom* v. *Jones,* 1 Scam. 291 and cases in note. The same doctrine is laid down in Barbour on the Law of Set Off, pages 60 and 61. In *Driggs* v. *Rockwell, supra,* it was adjudged, that, if the suit be in the name of a plaintiff who has no real interest in the contract or cause of action sued upon, so much of a demand existing against the party for whose use the suit is brought, or the party whom the plaintiff represents, may be set off as will satisfy the plaintiff's demand. This would seem to be the better rule, as it tends to lessen litigation by enabling the parties to settle, in the pending action, a matter which would otherwise require the bringing of another suit.

But if appellant had desired to make the point that an indebtedness by Rothschild & Sons to the defendants could not be set up as a set off against her, she should have demurred to the fourth plea. This, however, she did not do. On the contrary, she filed a replication to the plea, alleging therein, that the note sued upon was not, nor ever was, the property of Rothschild & Sons, but was her sole and individual property, and that Rothschild & Sons had no interest in it. The replication does not deny the indebtedness of Rothschild & Sons to the appellees upon the five notes of $200.00 each; it simply denies the ownership by that firm of the note for $1000.00 described in the declaration. The issue of fact presented by the fourth plea and the replication thereto was, whether the note sued upon was owned by Rothschild & Sons, or by the appellant. The trial court found this issue against appellant, and the judgment of affirmance rendered by the Appellate Court concludes us from examining into the evidence upon the subject.

The motion to exclude the evidence of the defendants could not operate as a demurrer to the plea of set off. It could only be regarded as a demurrer to the evidence. "As the only point in issue, on a demurrer to evidence, is whether the evidence is sufficient in law to maintain the issue in fact; no exception can, on such a demurrer, be taken to any defect in the pleadings; as the demurrer does not extend to them." (Gould's Pleadings, (5th ed.) p. 456, sec. 69; Buller's Nisi Prius, 313; *Cort* v. *Birbeck*, 1 Doug. 218).

If plaintiff's motion to exclude be regarded as a demurrer to the evidence, it would present the question whether the evidence was sufficient to maintain the issue of fact as to the real ownership of the note sued upon; it would not present the question whether the ownership of the note was, in law, a proper issue of fact to be made. The latter question was one to be raised by demurrer to the plea. Where the plea is defective in such cases, advantage may sometimes be taken of

such defect by motion in arrest of judgment, but here no such motion was made.

It is true, that, where the issue upon a plea is a wholly immaterial one, the verdict or finding will be set aside, the rule being that, "when the matter, be it never so well pleaded, could signify nothing, judgment may, in such cases, be given as by confession." (*Woods* v. *Hynes*, 1 Scam. 103). But the general rule of the common law is that, when the finding is decisive of the merits, it cures the issue, but when it is not thus decisive, the judgment must be arrested, and a repleader awarded. (1 Gould's Pleadings—5th ed—page 474, sec. 31.)

We cannot say, in this case, that the finding is not decisive of the merits, or that the issue presented by the fourth plea and the replication thereto is wholly immaterial. The trial court must have found that Rothschild & Sons were the owners of the note sued upon. This being so, it was certainly in the interest of justice, that the set off of their indebtedness to the defendants should be allowed against the note. This was decisive of the merits of the cause.

If it be admitted that the indebtedness of the real owners of the note sued upon could not be pleaded as a set off against the nominal plaintiff, the rule was purely technical as applied to the circumstances of this case, and, as the plaintiff chose not to demur to the plea but rather to make the fact of her ownership of the note an issue in the case, we are disposed to hold that the defect in the issue, if defect it was, was cured by the finding.

This precise question arose in *Caines* v. *Brisban, supra;* there the defendant's second plea was one of set off, alleging that the plaintiff on the record was only an agent or trustee for one Riley, and setting up that Riley, the *cestui que trust,* was indebted to the defendant; the plaintiff replied, denying in substance that Riley was the real owner of the claim sued upon; Sanford, Senator, said: "Whether the second plea is good or bad, I think the replication sufficient. The plea

alleges that Riley was the real vendor of the goods; this allegation is material, and is, indeed, the basis of the whole plea. The replication denies that Riley was the real vendor of the goods, and thus selects a single certain material fact from the various matters set forth in the plea, and puts it in issue. The other facts are admitted, this alone being denied. The question whether Riley was the real vendor, or not, appears to me to be a fair and material issue, and one which must determine the whole cause."

We perceive no error in the record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*