| 114 | 209 |
| 119 | 540 |

| 114 | 209 |
| f135 | 22 |
| f135 | 158 |

| 114 | 209 |
| 132 | 539 |

CASE 29—ACTION BY NELLIE R. HILL AGAINST S. W. RAGLAND ON HIS BOND AS SHERIFF FOR WRONGFULLY LEVYING AN ATTACHMENT.—DEC. 3.

# Hill v. Ragland, &c.

APPEAL FROM WARREN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   REVERSED.

SHERIFFS—ACTION ON OFFICIAL BOND—LIABILITY OF SURETIES FOR WRONGFUL LEVY OF ATTACHMENT—LIMITATION—PLEADINGS—DEFECTIVE PLEA CURED BY VERDICT—DEFENCES—JUDGMENT NON OBSTANTE VEREDICTO.

Held:   1. The official bond of a sheriff covers his wrongful act in levying an attachment upon the property of a stranger to the suit, and entitles the owner to recover damages against the sureties on said bond; the act of making the wrongful seizure being a breach of the covenant "to well and faithfully perform the duties of his office," and gave a right of action that instant, against the sheriff and his sureties.

2. The action against the sheriff not being for a tort, but for a breach of his official bond. is not barred under the five year statute, section 2515, nor the seven year statute, section 2551, and the liability against him and his sureties continues for fifteen years from the breach under section 2514, Kentucky Statutes.

3. A judgment, "non obstante veredicto," should not be rendered by the court in a case where the parties understood and attempted to join an issue to be tried, however defective in form the pleadings may be, and a verdict for the one or the other in such case will be held to cure such defective pleadings, unless the facts, when considered as properly pleaded, do not entitle the party obtaining the verdict to the relief given.

4. The taking of a bond of indemnity by the sheriff before executing an order of attachment will not protect him from a suit by a stranger to the writ whose property has been erroneously levied on.

5. The fact that the goods so wrongfully taken were delivered by the sheriff to the receiver of the court and sold by him under order of the court, will not protect the sheriff, the sale

Vol. 114—14

being made merely to preserve the property under section 218, Civil Code; the original fault being the sheriff's the consequences must, fall on him.

6. The action of the court in rejecting an amended answer, tendered after one trial, denying that appellant was the owner of the goods levied on, which had stood confessed up to that time, was not an abuse of discretion in the court.

JOHN M. GALLOWAY AND GEORGE H. GALLOWAY, FOR APPELLANT.

This is an appeal from a judgment of the lower court rendered in favor of appellee, notwithstanding the verdict of the jury in favor of appellant who was plaintiff below.

It is urged by appellee that said judgment should be sustained for the reason that neither the petition nor amended petitions set up any cause of action against the defendant on his bond as sheriff, that such omission had not been waived by the defendant and is not cured by the verdict.

The plaintiff alleges that the defendant "by taking her goods under the order of attachment to which writ she was a stranger, violated his covenant and committed a breach of his bond, as sheriff, then in force and of record in the proper office with E. P. Neale and others, on it, as sureties."

1. We submit that the omission to expressly allege the execution of the bond, though proper to do so, can only be reached by plea.

2. The defendant, in his answer admits he attached plaintiff's goods, but denies that he thereby committed a breach of his bond, and denies the value of the goods as alleged, and we contend that by such a plea he waived the failure of plaintiff to allege its due execution, by thus treating and accepting the petition as containing every needed allegation as to the bond and its execution.

3. In all the voluminous pleadings in this case there was but one central dominating issue, and that was the amount in damages that plaintiff should recover, all other issues being incidental and so treated by both parties.

4. We insist that under the pleadings, and issue as made and understood by the parties, that all defects in the pleadings were waived and especially after such defects were cured by two verdicts in favor of the appellant.

## AUTHORITIES CITED.

Newman on Pleadings, pp. 431, 433; Briggs v. Maltly, 2 Met., 88; Mann v. Martin's Admr., 82 Ky., 243; Forsythe v.

Ellis, 4 J. J. M., 302; Daniels v. Holland, 4 J. J. M., 18; Drake's Admr. v. Semonin, etc., 82 Ky., 291; Bliss on Code Pleading, secs. 438 and 439; Escott & Son v. White, 10 Bush, 169; Louisville & Portland Canal Co. v. Murphy, 9 Bush, 522; Jewell v. Mills, etc. 3 Bush, 65; Chesapeake & Ohio R. R. Co. v. Thieman, 96 Ky., 507; Evans v. Stone, 80 Ky., 78; Rogers v. Felton, Receiver, 98 Ky., 148; Wilson v. Hunt, 6 B. M., 379; Mast Crowell v. Lehman, 100 Ky., 469; Mulliken's Exr. v. Mulliken, 15 L. R., 610; Malcolm v. Same, 19 L. R., 563; L. & N. R. R. Co. v. Lawes, 21 Id., 1793; Railway Officials, &c. v. Beddow, 23 L. R., 1438; Owings v. Frier, 2 A. K. Mar., 268; Commonwealth v. Stockton, 5 T. B. Mon., 192; Same v. Davis, 9 B. Mon., 128; L. & N. R. R. v. Copas, 95 Ky., 460; Keaton Lumber Co. v. Thieman, 144 U. S., 434.

W. B. GAINES and WRIGHT & McELROY, for appellee.

## POINTS AND CITATIONS.

Sheriff's Revenue Bond, sec. 4133, Kentucky Statutes; Sheriff's General Bond, sec. 4556, Kentucky Statutes.

1. Appellee being once entitled to a judgment, no judgment could thereafter be rendered against him.    Evans v. Stone, 80 Ky., 78.

2. The cause of action arose at once upon seizing the goods. Brock v. Church, 5 Ky. Law Rep., 855; Rudy v. Johnson, 11 Bush, 543; Sutor v. Miles, 2 B. M., 469.

3. When a motion for a judgment *non obstante* is proper. Mulliken's Exr. v. Mulliken, 15 Ky. Law Rep., 609.

4. Ragland had the right to deny the ownership in Mrs. Hill. Mann v. Martin, 82 Ky., 242.

5. An order appointing a receiver is final. Civil Code, sec. 298.

6. The only possible cause of action in this case.    Jones v. Bibb, 12 Ky. Law Rep., 605.

7. It is necessary to allege execution of the bond. Newman on Pleading and Practice, p. 392; Creutz v. Arteman, 8 Ky. Law Rep., 422; Laswell v. Johnson, 8 Ky. Law Rep., 536.

8. It is necessary to allege the covenants of the bond. Newman on Pleading and Practice, 392; Kennedy v. Crawley, 4 Ky. Law Rep., 622; Mann v. Martin, 82 Ky., 242; Pryse v. Titus, 7 Ky. Law Rep., 680.

9. The exhibit can not supply the allegations.    Newman on Pleadings and Practice, 393; Kennedy v. Crawley, 4 Ky. Law Rep., 622; Blackwell v. White, 7 Ky. Law Rep., 680; Allen v. Shotridge, 1 Duv., 35; Green v. Page, 80 Ky., 368.

10. The petition was not cured by the verdict. Western Assurance Co. v. Ray & Co., 20 Ky. Law Rep., 1360.

11. If not upon the bond it was barred in five years. Kinnison v. Carpenter, 9 Bush, 599.

12. The suit upon the bond barred in five years. The 15 year statute, 2514; the 5 year statute, 2515; Royse v. Reynolds, 10 Bush, 286.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellant, Mrs. Hill, sued appellee Ragland, on his official bond as sheriff of Warren county, for having wrongfully levied an order of attachment upon her stock of merchandise; the attachment not having issued against her property, but against that of her husband, P. J. Hill. The attachment was levied in July, 1893. Under familiar provisions of the Code of Practice, the attached property was consigned to the receiver of the court, and by him sold, and the proceeds brought into court to be disposed of according to the rights of the parties as finally fixed by the judgment in that case. The circuit court held that the property belonged to P. J. Hill, and denied the claim of Mrs. Hill, appellant, who had intervened by a petition and claim. Mrs. Hill prosecuted an appeal to this court. The judgment was reversed, it being the opinion of this court that it was Mrs. Hill's property. At the receiver's sale the property brought about $1,400. Some of this money was appropriated to the payment of costs in the action, and $734.62 of it was paid over to Mrs. Hill on March 10, 1897. Mrs. Hill afterwards collected from the debtors of her husband, who had sued out the attachment, $361. In this suit she claims that the value of her goods so attached and sold was $2,500. After allowing credit for the two smaller sums above named, she seeks a judgment against the sheriff for the remainder. The allegations of the petition as to the execution of defendant's bond, its covenants, and the breach thereof, are as fol-

lows: "Wherefore she says defendant Ragland, by his trespass upon and seizure and forcibly taking from her said stock of goods, etc., caused her to lose, and damaged her the value of said goods so taken by him, and upon and under an attachment against another, and thus violated and committed a breach of his bond as sheriff, then in force and of record, with his codefendant, E. P. Neale, and others, as sureties upon it; and especially as he violated and failed to perform his official duty, and wrongfully violated his said bond and its covenants and requirements, when he seized and took her said property in a proceeding and under an order of attachment against another, and not her, and in which and under which she was in no way connected. Copy of said bond is filed as part hereof, marked, 'A.' She says that by said trespass and wrongful seizure of her said property said sheriff caused her to lose her said stock of goods, then worth at least twenty-five hundred dollars." It subsequently developed that the bond marked "A," and referred to in the petition, was not in fact the official bond of the sheriff, but its covenants were so general and so similar to those of the official bond that the pleader, and, it seems, the county clerk, making the copy, too, had made a mistake in using this copy as a copy of the proper bond. Therefore on the 29th of May, 1901, plaintiff filed an amended petition, setting out the above mistake, and filing a copy of the proper official bond. The allegations of the petition concerning this bond are as follows: "She says that she did not know of said mistake until May 27, 1901, or that the wrong bond had been filed by her attorney, when she had said clerk's office searched, and failed to find defendant's original general bond for and covering 1893, but found it copied in the order book then kept, and had it and the order of approval cop-

ied, which she now files as part hereof, marked 'Bond,' and in lieu of the bond heretofore filed by mistake, and bases her cause of action upon said bond now filed, and applies all her allegations as to defendant's liability and as to his bond in her petition as she intended and understood as she had originally done, and to May 27, 1901, upon said sheriff's general official bond, and not his revenue bond; and she asks to file this pleading, that justice may be done her, and prays as heretofore." It is perfectly apparent that this petition, even as amended, is fatally defective. It does not. in proper terms, set out the execution of the bond, or the fact that it had been accepted or approved by the proper authority, or its covenants. The defendants did not demur to the petition, but answered it. The answer did not deny that appellee was at the time sheriff of Warren county, and, as such, executed the attachment mentioned. On the contrary, it admitted these facts. The first paragraph of the answer was an attempt to deny that the plaintiff was the owner of the stock of goods referred to. This paragraph, however was stricken out. The second paragraph undertook to justify the levy of the attachment by pleading that the attachment issued in the suit of B. M. Creel & Co. against P. J. Hill, and was addressed to the defendant, as sheriff, commanding him to attach the property of the said P. J. Hill; that he was instructed to levy on the property named in this suit; "that, being uncertain as to whether said property was liable to seizure under said attachment, he required the plaintiff to execute a bond of indemnity to him." Then follows the bond, with its covenants, etc. He then pleaded that the plaintiff in this case joined issue in the suit of Creel & Co. against P. J. Hill as to her ownership of the property, and that the court in that action placed the prop-

erty in the hands of J. D. Hines as receiver, who, under orders of the court, took charge of the stock of goods and sold it. He also pleaded the fact of the circuit court having adjudged the goods liable to P. J. Hill's debt, and the reversal of that judgment by this court, and the subsequent judgment in conformity with the mandate from this court that the goods belonged to appellant, Mrs. Hill. In an amended answer, which was allowed, the sheriff pleaded the five years statute of limitation, based upon the idea that the action of the sheriff in levying upon the plaintiff's goods was simply a tort, which was barred by the statute after five years from its commission, which was the date and occasion of the levy complained of. The surety also pleaded the special seven-year statute of limitation, applicable to sureties, and was thereupon discharged. A demurrer was sustained to the sheriff's plea of the five years statute. Upon the trial of the issues, the jury returned a verdict in favor of the plaintiff for $905, after allowing the credits adverted to. Appellee entered a motion for judgment notwithstanding the verdict, which was overruled. Then he filed a motion for a new trial on various grounds, which was sustained; the ground upon which the motion was sustained being the mistake as to the bond sued on, above referred to. Upon another trial upon the same issue (that is, the value of the stock of goods at the time of the levy, and appellee's liability therefor upon his official bond as sheriff), the jury, allowing the credits admitted, returned a verdict in favor of the plaintiff for $1,000. Appellee moved before the submission to the jury for a peremptory instruction, without disclosing the grounds therefor, which motion was overruled. He again moved the court for a judgment notwithstanding the verdict, and also filed a motion and grounds for new trial. The court sustained the

notion to render a judgment for the defendant notwithstanding the verdict of the jury, and dismissed appellant's petition. From this action of the court she has appealed. The questions thereby presented for decision are (1) the cause of action sued on; (2) the statutory period of limitation applicable to same; and (3) the availability of the motion for judgment *non obstante veredicto.*

1. From a very casual inspection of the petition and exhibits, it is evident that plaintiff was attempting to assert a cause of action against appellee for his official misconduct in levying upon her goods under process against another alone, and was seeking a recovery therefor upon his official bond executed by him as sheriff. Otherwise the references to the bond, and the breach of its covenants, and the filing of the copy, as well as joining one of the sureties as a defendant, would be meaningless. That the official bond of the sheriff covers his tortious act in levying a writ upon the property of a stranger to the suit, and entitles the owner to recover his damages against the official's bondsmen, is no longer an open question. Forsythe v. Ellis, 4 J. J. Marsh, 298, 20 Am. Dec., 218; Com. v. Stockton, 5 T. B. Mon., 192; Jewell v. Mills, 3 Bush, 64. In that state of case the action is upon the bond; the breach being the wrongful seizure of the stranger's goods under process, which made the act an official one, instead of a personal trespass. The act of making the wrongful seizure was a breach of the covenant of the bond "to well and faithfully perform the duties of his office," and gave a right of action that instant against the sheriff and his sureties.

2. Under section 2551, Kentucky Statutes, the sureties were released after seven years. That fact is not disputed now in this case. But as against the sheriff, section 2514, Kentucky Statutes, applies, allowing 15 years within which

Hill v. Ragland, &c.

to commence the action "upon the official bond of the sheriff." We consequently construe that the five-year statute (section 2515, Kentucky Statutes), applicable ordinarily to torts, does not apply to this case. Notable stress in argument is laid upon the idea that the averments of this petition are so defective as to make the complaint one against the sheriff, and not a suit upon his official bond. We can not conceive how an action against a sheriff for a wrongful act done by him under color and by virtue of his office, acting under a writ which by law he was permitted and authorized to execute, can be other than a breach of his bond. He acts only in virtue of the authority given him by law, and then only because of, and always under, his official bond. The very purpose of requiring it was to protect the public against the officer's wrongful acts as such, whether of omission or commission. In Forsythe v. Ellis, 4 J. J. Marsh, 302, 20 Am. Dec., 218, it was said: "The official bond should bind the sheriff no further than he would be liable without it. Its only object is to secure the faithful performance of official duty. And therefore no official act can be considered a breach of the condition of the bond, faithfully to execute the duties of the office, unless it would, without a bond, amount to a breach of official duty." The converse must be equally true. In Hargis v. Sewell's Adm'r, 87 Ky., 69 (9 R., 920) 7 S. W., 557—an action against an administrator for failure to discharge a duty imposed by his office—the question was raised whether the statute fixing limitation of an action on his bond (section 2524, supra) applied, or whether the administrator was bound as a trustee of an express trust. In disposing of that question this court said: "If he is not liable upon his written obligation to pay this money and discharge faithfully his duties as administrator [by his bond], we can not well see

in what manner a personal liability can arise by reason of an implied undertaking to discharge similar duties. The bond is required to be executed with surety for the faithful performance of the trust, and on this bond the appellants must proceed with the limitation of fifteen years applying to the principal obligor." We think the reasoning of that opinion applies as truly here.

3. The practice obtaining in ordering a judgment for the party entitled thereto upon the pleadings has had, first and last, frequent attention by this court. The rule as laid down by Chitty, viz., "When the verdict can be fairly considered as establishing between the parties the very fact which should have been, but is not, precisely averred in the declaration, and especially when it clearly appears that the particular fact was understood by the parties to be the point in issue to be decided by the jury, it would be unnecessary for the ends of justice, and would be more than useless, to remand the case, that it should again be presented for the consideration of the jury," has been approved and applied in terms by this court in numerous cases: Riggs v. Maltby, 2 Metc., 90; Forsythe v. Ellis, 4 J. J. Marsh, 302 (20 Am. Dec., 218); Daniel v. Holland, Id., 21; Drake's Adm'r v. Semonin, 82 Ky., 291 (5 R., 183); Escott v. White, 10 Bush, 169; Railroad Co. v. Thieman, 96 Ky., 510 (16 R., 611) 29 S. W., 357; Evans v. Stone, 80 Ky., 78 (3 R., 751); Wilson v. Hunt's Adm'r, 6 B. Mon., 379; Rogers v. Felton, 98 Ky., 150 (17 R., 724) 32 S. W., 405; Mast v. Lehman, 100 Ky., 466 (18 R., 949) 38 S. W., 1056; Railroad Co. v. Copas, 95 Ky., 460 (14 R., 672) 26 S. W., 179; Railroad Co. v. Lawes, 56 S. W., 426 (21 R., 1793); Assurance Co. v. Ray, 105 Ky., 523 (20 R., 1360) 49 S. W., 326. Notwithstanding, we encounter these motions with a frequency that would seem to indicate a failure to ap-

preciate the spirit of the rule. At common law a judgment *non obstante veredicto* was entered for the plaintiff only, and that when the plea confessed the cause of action, and set up insufficient matters in avoidance to constitute either a defense or a bar (2 Tidd, Prac., 922; cases collected at page 912, 11 Ency. Pl. & Prac.); or, as expressed by Smith, Act., 161: "Judgment *non obstante veredicto* is a judgment rendered in favor of the plaintiff notwithstanding the verdict for the defendant. This judgment is given upon motion (which can only be made by the plaintiff) when, upon an examination of the whole proceedings, it appears to the court that the defendant has admitted himself to be in the wrong, and that the issue, though decided in his favor by the jury, is on a point which does not at all better his case." The complaint being confessed, the plea must have been bad in substance, not merely in form, it seems, to have entitled the plaintiff to a judgment notwithstanding the verdict. Pim v. Grazebrook, 2 C. B., 429. By section 386 of our Cvil Code of Practice (a re-enactment of section 416 of Meyer's Code), it is provided, "Judgment shall be given for the party whom the pleadings entitle thereto;" thus giving to the defendant the same privilege in this respect as is enjoyed by the plaintiff. Otherwise this section is merely a statutory recognition of the common-law practice on this subject. The motion should prevail only where the state of pleadings upon the merits entitles one party to a judgment notwithstanding a contrary verdict, and without particular regard to the form of the pleading. Fitch v. Scot, 1 Root, 351; Rothchild v. Bruscke, 131 Ill., 265, 23 N. E., 419; Freem. Judgm., section 7; Ballou v. Harris, 5 R. I., 419; Aird v. Haynie, 36 Ill., 174; Macomb v. Wilber, 16 Johns., 227; Otis v. Hitchcock, 6 Wend., 433. This court said in Drake's Adm'r v. Semonin, supra: "The better rule,

and in fact the one recognized by all the elementary authorities on the subject of Pleading including Mr. Chitty, is that where there is a total omission to state a cause of action or some fact essential to the cause of action has been wholly omitted the verdict will not cure the defect,"—as, for example, in this case, if there had been a total omission of reference to appellee's official position, and of the fact of his having executed an official bond as sheriff. It seems that there has been a misconception of the office of this motion and practice. It has been thought that it was one way and that a most effective one, to use a demurrer upon a bad pleading. But this is not so. Where the parties have attempted to join an issue to be tried, and which has been tried, however defective in form the pleadings may be, a verdict for the one or the other will be held to cure such defective pleading,—that is, will cure them as to their form, supplying all omitted necessary averments concerning essential facts relied on, provided the proof or admission of such facts were necssarily considered before the verdict could have been rendered. Then, if such facts, when considered as if properly plead as to form, do not entitle the party obtaining the verdict to that relief in law, the judgment will be for his adversary.

Applying these principles to the state of case at bar, we have a suit brought against the officer for that which in law is a breach of his official duty to the plaintiff, and an attempt to charge him therefor on his official bond. The pleading is obviously defective in form, but in form only. An issue is joined by the litigants as to the right of the plaintiff to recover, and the verdict is for the plaintiff. The motion for a judgment for defendant *non obstante veredicto* would be to admit plaintiff's pleading as good in every particular in form,—that is, as to technical averments con-

cerning the signing, delivery, and acceptance of the bond, its particular covenants, and their breach,—and yet insist, as a matter of law, that defendant should be given judgment. We have just seen that the answer is not a bar as to limitation pleaded. Nor does the taking of a bond of indemnity before executing an attachment protect the officer from suit by a stranger to the writ, whose property has been erroneously levied upon, as in case of execution. Lewis v. Mansfield, 78 Ky., 460; Cevedon v. Branham (20 R., 791), 47 S. W., 589. There was no other matter pleaded either in bar or avoidance, except appellee also attempted to avoid the liability by showing that, although he levied upon the goods, he did not sell them, but that they were sold by the receiver of the court under the orders of the court, and that therefore appellee should be held liable only for such damage as resulted to the goods by the mere act of levying upon them and holding them for a few days. The circuit court rejected this plea, and we think properly so. The court's action in ordering the property sold by a receiver was merely to preserve the attached property by converting it into a form less expensive and more stable, under provisions of section 218 of the Civil Code of Practice, until such time as the court might be able to regularly proceed to determine its liability—the disputed fact— to the debt upon which it had been taken. The sheriff, by his wrongful act, had set in motion the train of evil culminating in the loss of appellant's property by its sale under the orders of the court to which he had delivered it wrongfully as the property of another. The original fault was his, and the consequences must be upon him. It follows that the motion for judgment for defendant notwithstanding the verdict for plaintiff should have been overruled.

Appellee offered an amended answer, after the case had

been at issue for a considerable while, denying that appellant was the owner of the stock of merchandise levied on under the writ, and on the occasion complained of. The court rejected it. Whether it was because of its tardiness, or that the matter was not an issuable one in this case, is not stated. After one trial, it can not be said that the trial court abused a sound discretion in disallowing the tender of an issue as to the ownership of the goods, which up to that time had stood confessed in the case, even if appellee could have put the matter in issue after the judgment determining that fact in appellant's favor in the other suit.

The judgment is reversed, and cause remanded, with directions to enter a judgment for appellant upon the last verdict of the jury.

Judge Hobson dissents. Chief Justice Guffy not sitting.

Petition for rehearing by appellee overruled.