**Ronald L. COY, Appellant,**

v.

**Tommy HARDIN et al., Appellees.**

**Ronald L. COY, Appellant,**

v.

**Kenny HARDIN et al., Appellees.**

Supreme Court of Kentucky.

Oct. 7, 1977.

Gene R. Osselmeier, Shepherdsville, for appellant.

Mark E. Edison, Shepherdsville, for appellees.

STERNBERG, Justice.

Appellant Ronald L. Coy brought suit against Thomas Hardin, a Shepherdsville policeman, and the surety on his official bond, Buckeye Union Insurance Company, seeking damages for an alleged assault and battery committed upon appellant in the course of his arrest by Officer Hardin. A similar suit was brought against Officer Kenny Hardin, who also participated in the arrest and the alleged assault and battery. Likewise, Kenny Hardin was bonded by the Buckeye Union Insurance Company, an Ohio corporation. Following the dismissal of both suits by the trial court, they were consolidated on appeal.

On October 10, 1973, the two officers arrested appellant in Bullitt County, Kentucky. An action on Officer Thomas Hardin's official bond was filed by appellant on May 3, 1975, and the complaint against Officer Kenny Hardin and his surety was filed July 16, 1975. On October 10, 1975, the trial court entered separate orders dismissing both suits on the grounds that the actions were not commenced with in the time period prescribed by KRS 413.140.

On this appeal appellant contends that the trial court applied the wrong statute of limitations to the instant causes of action. He maintains that the suits were governed either by KRS 413.120(2), 413.120(7), or KRS 413.090(3).

It is the opinion of this court that the applicable statute of limitations is KRS 413.090. The police officers were sued upon their official bonds. That official bond is specifically required by KRS 95.750 to cover a policeman's tortious act of "unnecessary or cruel treating or assault in making an arrest." KRS 413.090 allows fifteen years for the bringing of an action "upon the official bond of a sheriff, marshal, clerk, constable or any other public officer * *."

In *Hill v. Ragland*, 114 Ky. 209, 70 S.W. 634 (1902), a sheriff was sued on his official bond for wrongfully levying upon the plaintiff's property. The sheriff contended that his actions constituted a tort and the statute of limitations pertaining to torts precluded the bringing of the plaintiff's suit. The court rejected his contention, writing as follows:

"* * * That the official bond of the sheriff covers his tortious act in levying a writ upon the property of a stranger to the suit, and entitled the owner to recover his damages against the official's bondsmen, is no longer an open question. * * * In that state of case the action is upon the bond; the breach being the wrongful seizure of the stranger's goods under process, which made the act an official one, instead of a personal trespass. The act of making the wrongful seizure was a breach of the covenant of the bond 'to well and faithfully perform the duties of his office,' and gave a right of action that instant against the sheriff and his sureties. * * * We cannot conceive how an action against a sheriff for a wrongful act done by him under color and by virtue of his office, acting under a writ which by law he was permitted and authorized to execute, can be other than a breach of his bond. He acts only in virtue of the authority given him by law, and then only because of, and always under, his official bond. The very purpose of re-

quiring it was to protect the public against the officer's wrongful acts as such, whether of omission or commission. * * * "

The court, in *Hill v. Ragland,* supra, concluded that the statute of limitations pertaining to torts did not apply and that the action against the sheriff could be brought within fifteen years of the wrongful act.

The same rationale applies to the subject actions. Appellant brought his actions upon the official bonds of the appellees. Those official bonds are specifically required by KRS 95.750 to cover unnecessary assaults in making arrests. The applicable statute of limitations is, therefore, KRS 413.090.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.