Mc Henry *v.* Ridgely.

GEORGE McHENRY, appellant, *v.* NICHOLAS H. RIDGE-
LY, appellee.

*Appeal from Morgan.*

Upon a note endorsed to " N. H. Ridgely, cashier," a suit may be maintained by
N. H. Ridgely, in his individual name ; and a plea to an action upon such a
note, that the note was endorsed or assigned to him as the agent of the bank,
and that he never had any interest in the note, and that the legal and benefi-
cial interest therein was in the bank, would constitute no defence.

*Semble,* That the law is well settled, that where a note is payable to bearer, or
is endorsed in blank, a suit may be maintained in the name of any person who
is the holder of the note, without his being required to show an interest in it,
unless he possesses the note under suspicious circumstances ; and if the ques-
tion of *mala fide possessio,* which is one of fact, to be submitted to the jury,
is not raised by the defendant, the Court will not enquire into the right of the
plaintiff, but will consider possession of the note as evidence of property.

It is also settled, that where the plaintiff on the record is a mere trustee for
another, the defendant may avail himself of any defence, which he might set
up against the real owner of the instrument, provided the action had been
brought in his name.

THIS cause was heard in the Court below at the March term,
1838, before the Hon. Jesse B. Thomas. Judgment was rendered
for the plaintiff for $ 400 debt, and $ 16,93 damages. The de-
fendant appealed to this Court.

M. LESLIE and H. B. McCLURE, for the appellant :

1. The Law Merchant not having been adopted in this State,
the relation of parties to negotiable paper is the same as in com-
mon parol contracts. Breese 16.

2. Every contract made with an agent in relation to the business
of the agency, is a contract with the principal, and the agent is not
bound, and cannot maintain an action on such contract. 12 Vesey
352; 4 Greenleaf 82 ; 2 Espinasse N. P. 567.

3. A mere agent or attorney, not having any beneficial interest
in a contract, cannot maintain an action upon it in his own name.
10 Johns. 387.

4. A party who receives a note endorsed over to him as a mere
agent of the payees, to collect the same for them, cannot maintain
a suit. 10 Johns. 225.

5. In an action by the endorsee of a note, against the immediate
endorser, a plea that, before the commencement of the suit, the
plaintiff transferred the note to a third person, who since then had
been and continued to be the true and lawful owner and possessor
of the note, is a bar to a recovery. 11 Wend. 27.

6. If it appear, by proof or admission, that the agent to whom
a negotiable note is endorsed for the benefit of his principal, has no
interest in the note, he cannot sue and recover upon it in his own
name. 3 Kent. Com. 79 ; 5 Mason.

WILLIAM THOMAS, for the appellee.

WILSON, Chief Justice, delivered the opinion of the Court:

This was an action by *petition and summons*, by Ridgely against McHenry, upon the following note :

" $ 400.                        *Jacksonville, Nov. 4th*, 1836.

" On or before the sixteenth day of July next, I promise to pay E. W. Palmer or order, four hundred dollars, for value received. Witness my hand and seal.

                        " GEORGE McHENRY, [SEAL.] "

On which are the following assignments :

" For value received, I assign the within note to T. Worthington.                        E. W. PALMER.

" *Dec.* 12*th*, 1836."

" Pay to N. H. Ridgely, Esq., Cashier, or order.

                        " T. WORTHINGTON."

The defendant pleaded three pleas in bar, alleging, in substance, First, That the note sued on was assigned to the President, Directors, and Company of the State Bank of Illinois, in the name of N. H. Ridgely, Esq., cashier of said bank, according to the usages of the bank, and that the legal and beneficial interest was, by said assignment, vested in the bank. Secondly, That the note is the property of the bank, and that the plaintiff has no interest in it. Thirdly, That the note is the property of the bank, and was assigned to the plaintiff, Ridgely, as its cashier, according to the custom and usage of the bank ; and that Ridgely is merely the agent of the bank, without any property in the note sued on. To these pleas a demurrer was interposed by the plaintiff, and sustained by the Court. This decision is assigned for error.

It is true, as a general proposition, that a corporation may not only sue in its own name, but, when its rights are asserted, it must sue in its corporate name ; but the authorities upon this point, and those referred to relative to the obligation of the principal, or the one beneficially interested in the suit, are not applicable to the present case. The law is well settled, that where a note is payable to bearer, or is endorsed in blank, a suit may be maintained in the name of any person, who is the holder of the note, without his being required to show an interest in it, unless he possesses the note under suspicious circumstances ; and if the question of *mala fide possessio*, which is one of fact, to be submitted to the jury, is not raised by the defendant, the Court will not enquire into the rights of the plaintiff, but will consider possession of the note as evidence of property. That no injustice may result from this rule, it is also settled, that, when the plaintiff on the record is a mere trustee for another, the defendant may avail himself of any defence, which he might set

up against the real owner of the instrument, provided the action had been brought in his name. (1)

The pleas of the defendant in this case neither raise the question of *mala fide possessio* in the plaintiff, nor do they set up any defence to the action, against the bank. The decision on the demurrer to them was, therefore, in accordance with the general rules adverted to; and is also sustained by several cases directly in point. In one, " where a note was assigned to W. N., cashier of the Farmers' Bank," it was decided, that a suit was properly brought in the name of W. N., and not of the bank, though it was for their benefit, for the assignment was made to him individually, and not to the corporation. (2) So it has been decided, " that the mayor and commonalty cannot sue on a bond made to the mayor himself in his own proper name, though he was also styled mayor." (3)

The doctrine is also laid down by Chancellor Kent, and seems to be fully settled by the numerous authorities to which he refers, that blank endorsments may be filled up at any time by the holder, even down to the moment of trial, in a suit brought by him as endorsee, for the purpose of pointing out the person to whom the bill or note is payable; and also that a note endorsed in blank, is like one payable to bearer, and passes by delivery, and the holder may constitute himself or any other person assignee thereof; and the Court will not enquire whether he sues for himself, or as trustee for some other person. (4)

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*

*Note.* See Kyle v. Thompson *et al., Post ;* Campbell v. Humphries, *Post.*

(1) 7 Cowen 177 ; 3 Johns. Cases 263; 11 Johns. 53.
(2) 1 Tuck. Com. 155 ; 4 Rand. Rep. 359.
(3) 1 Tuck. Com. 155.
(4) 3 Kent. Com. 89, and the authorities there cited.