May Term, 1852.

HENRY
v.
SCOTT.

---

## HENRY v. SCOTT.

Debt by the assignee of promissory notes against the maker. Plea, that after the assignment, he had paid the notes to the payee, with the assent of the plaintiff, in goods, &c. Issue on the plea. *Held,* that general evidence of the delivery of goods, &c., by the defendant to the payee after the assignment, was admissible to go to the jury.

In a suit by the assignee of a note against the maker, the latter may plead and prove that the plaintiff holds the note merely as a trustee of the payee, in order to let in as a set-off an indebtedness of the maker to the defendant.

Thursday, June 3.

ERROR to the *Ohio* Circuit Court.

PERKINS, J.—Debt by *William Henry* against *John Scott.* The suit is upon notes given by said *Scott* to one *Horace Brown,* and by him assigned to the plaintiff.  To the special counts upon the notes the defendant pleaded that he had, after their assignment, paid said notes to *Brown,* the payee, with the assent of the plaintiff, the assignee, which payment was made in goods, &c.  There were three pleas substantially alike.  The plaintiff replied, that the defendant had not, with his assent, paid said notes to the payee, &c.  Issue.  The common counts were appended to the declaration, and the general issue pleaded to them, but no question arose on the trial except those under the issues growing out of the special counts.

The cause was submitted to a jury; and the defendant having given evidence in support of his pleas of payment tending to show that *Henry,* the plaintiff, had directed him to pay the notes to *Brown,* and that he had delivered money, &c., to *Brown,* the plaintiff called a wit-

ness and propounded to him the following questions, viz.: what do you know of *Horace Brown* letting *John Scott*, the maker of the notes, and defendant to the suit, have a wood-boat? If anything, when was it? What was said boat worth? Tell all about it. Also, what do you know, if anything, about *Horace Brown's* son working for said *John Scott?* If anything, when was it? How long did he labor for him, and what was his labor worth? Which questions the Court would not suffer the witness to answer, on the ground that they were irrelevant.

May Term,<br>1852.<br><br>HENRY<br>v.<br>SCOTT.

We think the Court erred in refusing to suffer the witness to testify.

The defendant pleaded that he had paid the notes to *Brown*, by the permission of *Henry*, after their assignment to the latter, by the delivery of money, goods, &c., to said *Brown*. Such payment was a good defense. Payment of the amount of the notes to another by the direction of the plaintiff, was, in legal effect, a payment to him. The plaintiff replied that the defendant had not so paid the notes. This was the question for trial. Now, when the defendant had proved that he had delivered money and goods to *Brown*, the question arose, for what purpose, or on what account were they so delivered? This question was for the jury; and to enable them to rightly determine it, it was necessary that they should hear all the evidence in relation to the matter; and it seems to us that it was relevant for the plaintiff to show that the defendant, *Scott*, was indebted to *Brown* for other considerations than the notes, on which, the jury might, perhaps, infer, from the evidence, the money and goods were delivered and not in payment of the notes.

There was some evidence tending to show that the plaintiff, *Henry*, held the notes by assignment, simply as trustee for *Brown*. If he did so hold them, the defendant had a right to plead and prove that fact, as a ground for being permitted to set off, against said notes, any indebtedness of *Brown* to him. *Forkner et al.* v. *Dinwiddie*, in this Court, *November* term, 1851 (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. S. Major* and *A. Brower*, for the plaintiff.

*D. Kelso*, for the defendant.

(1) See *ante*, p. 34.