69   547
156   406

# Jaroslav B. Belohradsky *et al.*

## *v.*

# Jacob Kuhn.

1. Trustee—*parol evidence to show that payee of note is, for another.* Where the name of a person is put in a promissory note as the payee, and in a mortgage to secure its payment, as the mortgagee, by the express agreement of the parties in interest, for the mere purpose of convenience in the collection and payment of the same, in view of a contemplated removal from the State of the party to whom the debt was owing, this will constitute the payee a mere trustee, and parol evidence is admissible to show that fact for the purpose of enabling the maker to show fraud and failure of consideration.

2. Promissory note—*defense allowed where plaintiff sues on note as trustee for another.* Where the plaintiff in an action on a promissory note is a mere trustee for another, the maker may avail himself of any defense which he might set up against the real owner if the action had been brought in his name.

3. Same—*enjoining transfer of, by trustee of real owner.* Where a promissory note was given to one as the trustee of another, secured by a chattel mortgage, and the real owner became insolvent, it was *held*, that the maker could, by bill in equity, restrain the payee from transferring the same before maturity, and from proceeding to foreclose, on the ground of fraud and failure of consideration, and show the real character of the transaction by parol testimony.

4. Same—*who a bona fide assignee, to cut off defense.* Where a party, by arrangement for the convenience of collection and payment, takes a promissory note, payable to another person, and the party in interest delivers the same to A in payment of a debt, and the latter transfers the same to the payee, neither A nor the payee will be regarded as a *bona fide*

assignee, in the usual course of business, so as to deprive the maker of any defense he has as against the real owner, for whose benefit it was given.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. ADOLPH MOSES, for the appellants.

Messrs. GOGGIN & SHAFFNER, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The Arnsteins, husband and wife, sold to appellants, December 8, 1871, certain goods and chattels in their possession, and of which they claimed to be owners; also, a leasehold interest in certain premises situated in Chicago, which they claimed to own, and which they represented to be a lease from one Kehoe to them, and that comprised an unexpired term running until the 1st of May, 1873, at the rental of $25 per month; for which personal property and lease appellants paid the Arnsteins $500 cash, and were to give them their note for $250, payable January 15, 1872, to be secured by mortgage upon the goods and chattels purchased. But when appellants were about to execute the note and mortgage, it was proposed by E. M. Arnstein, the husband, that inasmuch as he intended to remove immediately to New York to reside, and intended to leave the papers with Jacob Kuhn for collection, it would be best to have his name put into the note as payee. To this proposition appellants assented, and in the absence of Kuhn, his name was, in pursuance of this arrangement, put into the note as payee, and into the mortgage as mortgagee.

It turned out, however, that appellants were defrauded in the sale; that there was an execution lien upon the goods, arising out of a judgment in a justice's court against E. M. Arnstein for $90, besides costs, on which execution had been

issued, and levied, and which appellants were compelled to pay; also, that Arnstein had no valid lease from Kehoe, and appellants were compelled to take a lease from him at the rate of $30 per month rental. Upon substantially this state of facts, and the further facts that Kuhn still held the note, and the Arnsteins had removed from the State, and were insolvent, appellants brought this bill in equity, in the Superior Court of Cook county, making the Arnsteins parties, and bringing them in by publication, and Kuhn a party by personal service, for the purpose of restraining the latter from transferring the note or proceeding to foreclose the mortgage, on the ground of fraud and failure of consideration, and to have the note delivered up and canceled. A temporary injunction was awarded. The Arnsteins made default, but upon the answer of Kuhn, setting up the defense of *bona fide* holder for value without notice, replication and proofs, the court dissolved the injunction, dismissed the bill, and assessed damages against complainants for wrongfully suing out the injunction, and they appealed to this court.

The evidence as to the manner in which Kuhn's name came to be inserted as payee of the note, and of the circumstances showing fraud and failure of consideration, stands uncontradicted. Kuhn's defense was based upon the alleged facts that E. M. Arnstein was indebted to his brother, Karl Kuhn, in the sum of $250, and that Karl was indebted to him, Jacob, in the sum of $500. But he testified that he knew the Arnsteins were going away several weeks before they went; that they did not owe him anything, and he did not know, of his own knowledge, that E. M. Arnstein owed his brother Karl anything; that he took this note of Karl, the amount of it to be applied on Karl's indebtedness to him when collected. Neither Karl Kuhn nor either of the Arnsteins was called as a witness, so that there was no competent evidence of any indebtedness subsisting from either of the Arnsteins to Karl Kuhn.

If the name of Jacob Kuhn was put into the note as payee, and the mortgage as mortgagee, by the express agreement of the parties, for the mere purpose of convenience in the collection and payment of the note, in the view of Arnstein's contemplated removal from the State, as the evidence shows it was, then this constituted him a mere trustee, and parol evidence was admissible to show that fact for the purpose of the remedy sought, it being based upon fraud and failure of consideration. *Henry* v. *Scott*, 3 Ind. 412; *McHenry* v. *Ridgway*, 2 Scam. 309. In the latter case it is laid down as a settled rule, that when the plaintiff on the record, in an action on a promissory note, is a mere trustee for another, the defendant may avail himself of any defense which he might set up against the real owner of the instrument, if the action had been brought in his name. It would seem to follow, that if the appellants, as makers, would have been permitted to show that Kuhn was a mere trustee for the Arnsteins, and set up the fraud and failure of consideration as a defense to the note, if sued upon in the name of Kuhn, they would have the right to inquire into the real character of the transaction in this proceeding, by bill in equity to restrain the transfer of the note by him, and any proceeding to foreclose the mortgage.

We can readily perceive how another person might have become a *bona fide* holder of this note by assignment from Jacob Kuhn before maturity, but we can not conceive how, under our statute, either Karl or Jacob Kuhn could become a *bona fide* assignee of this note in the usual course of business, so as to deprive the makers of the defenses they had against it as between them and their vendors, the beneficial owners of it, at the time it was delivered. The very form of it was sufficient to put the Kuhns upon inquiry. By the original transaction, the legal title to the note was in Jacob Kuhn—the equitable interest in the Arnsteins. Kuhn was substituted for, and occupied the position of, the Arnsteins, and although there is no evidence as to how Karl Kuhn came by the note, still, even conceding that the

Arnsteins transferred their equitable interest to him, that would not constitute him a *bona fide* assignee, with the rights and exemptions of such holder under our statute. Then, again, Jacob Kuhn's name was put into the note by agreement of the parties to the original transaction, for mere convenience in the collection and payment of the note. This, as we have said, constituted him trustee. When the note was brought to him with his name inserted as payee, he, well knowing that he had had no business transaction with the makers, was put upon inquiry to know how this was. By the original agreement he was to hold the note for collection for the Arnsteins. He took it from Karl to hold it, and apply the proceeds, when collected, upon Karl's indebtedness to him. This is his own evidence. He first says he took it in payment, but before he gets through he qualifies that, and says he took it to apply the proceeds of it, when collected, upon Karl's debt to him. There might be such circumstances as would give Jacob Kuhn the right to retain the proceeds as against the Arnsteins. They may have released or transferred their equitable rights. Still there is nothing in this record to show even that, and we feel clear that Jacob Kuhn is not such a *bona fide* assignee of the note for value and without notice, as to bar the relief sought. It was not assigned to him in the usual course of business. There was sufficient to put him upon inquiry, and he held it from Karl for the mere purpose of collection and to apply the proceeds upon his debt when collected.

The decree of the court below must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Decree reversed.*