## FRANK LOHMAN

### *v.*

## THE CASS COUNTY BANK.

PARTY PLAINTIFF—*in suit on indorsed note.* Where a promissory note shows an indorsement of the same to the plaintiff by the payee, the suit is properly brought in the plaintiff's name, as the party holding the legal title, and the action can not be defeated by showing that another person is entitled to the proceeds, or a portion thereof. The rights of such other person are not prejudiced by the recovery, but he may look to the plaintiff.

APPEAL from the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding.

This was a suit brought by the Cass County Bank against Frank Lohman, upon a promissory note. The note and indorsement were as follows:

" $65.00. *Ashland, Ill., May* 4, 1875.

Three months after date, I promise to pay Charles Clark, or order, sixty-five dollars, for value received.

FRANK LOHMAN."

" I assign the within note to Cass County Bank.

CHARLES CLARK."

"JAMES M. NORTH."

The defendant proved, by William Jones, that the note had been simply assigned to the bank for collection; that he knew J. M. North, the second indorsee, presented the same to the bank, and indorsed it to the bank for collection as his, North's, agent. He knew this because he was interested with North in a portion of the proceeds of the note. The point was made in this court that the record did not show the fact of assignment or indorsement of the note being in evidence.

Mr. OSCAR A. DELEUW, for the appellant.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This action was originally brought before a justice of the peace of Cass county, by the Cass County Bank, as plaintiff,

and against Frank Lohman, defendant, on a promissory note executed by Lohman to one Charles Clark, who indorsed it to plaintiff. Judgment was rendered for the plaintiff, from which the defendant appealed to the circuit court, where the cause was tried by the court, by consent, without a jury, which resulted in a judgment for the plaintiff, to reverse which the defendant appeals to this court.

We see no force in the objection made by appellant. By the indorsement of Clark, the payee of the note, to the bank, the bank became possessed of the legal title, and could bring the action. The note, with the indorsement of Clark thereon, was before the court, and furnished evidence that the legal title was in the bank. If James M. North, whose name also appears on the back of the note, has any interest in the proceeds of this recovery by the bank, he can sue the bank, and recover the same. His rights are not at all prejudiced by this recovery.

The judgment is affirmed.

*Judgment affirmed.*