THE CHICAGO FIRE PROOFING COMPANY ET AL.

v.

PARK NATIONAL BANK OF CHICAGO.

*Judgment by Confession—Motion to Set Aside—Affidavit on—Construction of—Usury—Parties—Banks.*

1. Upon a motion to open a judgment taken by confession, where the case made by the affidavits is such as to leave the matter in doubt whether the amounts claimed against the judgment ought to be justly allowed or not, the court will allow the defendant to plead and submit the

issue of fact to a jury; but where, upon the whole case, it can not be said that the court is left in doubt, there is no reason why an issue of fact should be thus submitted.

2. Upon the case at bar this court holds that the affidavit filed by the defendants failed to set up the alleged defense of usury with sufficient clearness to bring the case within the above rule.

3. In construing an affidavit filed to open a judgment, its statements are to be construed most strongly against the party in whose interest it is filed.

4. Whether the perfection of an appeal from a judgment by confession brings up for review the order denying the motion to open the judgment, which alone was appealable, *quaere.*

5. Where a receiver for a bank has been appointed, the legal title to notes held by it remains in the bank, and the receiver may sue in the name of the bank to collect the notes.

[Opinion filed March 4, 1892.]

APPEALS from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding.

Messrs. HOYNE, FOLLANSBEE & O'CONNOR, for appellants.

Messrs. ALDRICH, PAYNE & WASHBURN, for appellee.

MORAN, J. A judgment by confession was entered in favor of appellee against appellants on the 31st day of August, 1891, upon a certain judgment note. On September 10, 1891, the appellants appeared and moved to set aside the judgment and for leave to plead. This motion was heard on affidavits and denied by the court, and the appellants then prayed an appeal. The record recites that the defendants, having entered their exceptions herein to the ruling of the court, pray an appeal, which is allowed upon the filing herein of their appeal bond. The bond filed recites the recovery of the judgment on the 31st of August, 1891, and states that the appellants have prayed for and obtained an appeal from the Appellate Court within and for the First District, and if they, the said appellants, shall duly prosecute their appeal and pay the amount of such judgment, etc. No appeal lies from the judgment entered by confession, and the appeal

bond does not describe the order denying the motion to open the judgment, as the judgment or order appealed from. It is therefore doubtful whether the order which we have the authority to review is brought up for consideration by the appeal as it has been perfected; but assuming that the order is here for review, we are of opinion that it must be affirmed. The ground on which appellant sought to have the judgment opened, was that the note on which the judgment was entered was the last of a series of renewals of former notes, and that at the time of the original loan and on occasions of renewals thereof usury was exacted from the appellants by the bank. In the affidavit filed to support the grounds of the motion, the instances related in which it is claimed that payments were made which constitute the usury are stated in an ambiguous and uncertain manner. The first instance mentioned is one in which it is stated that Packer, who was president of the bank, insisted that Gindele, who was president of the appellant corporation, should buy from him stock in what was known as the Hanna Elevated Street Railway Co., which had no value whatever, and for which he required said Gindele to pay him the sum of $500, and that the consideration for said $500 was the carrying by the said bank of said loans for this affiant. This statement does not make out that the bank received the said $500, or that the bank was any party to that transaction of the sale of the stock. It is alleged that in the sale of the stock Packer was acting for the bank, but the fair inference is that the stock belonged to Packer individually, and that he sold the same to Gindele for $500. It is not shown that the $500 in any way entered into the note on which the judgment in this case was entered.

The next instance of the payment of usury is said to have been in March, 1889, when Gindele and the appellant corporation requested Packer as president of the bank to make an additional loan of $5,000 for the period of ninety days, there being then owing to the bank two notes, one of $1,300 and one of $2,000 respectively, and that after some negotiation said Packer, as president of said bank, agreed to

let him, the said Gindele, and said corporation have the said $5,000, if he or they would pay him or the said bank the sum of $500 for commissions in making said loan in addition to interest thereon at the rate of eight per cent per annum therefor; that the affiant, Gindele, executed the notes of the appellant company and himself for the sum of $6,800, for which he received credit on his bank book, whereupon he immediately paid the note of $1,300, and interest on the note of $6,800 and said commissions, amounting to $500 as aforesaid. Here it is not stated nor can it be inferred that the $500 went to make up any part of the note of $6,800. It is stated that the defendant received credit for the whole proceeds of the $6,800 note, and it is not stated that he paid the $500 to the bank. At most he leaves it uncertain by the language of the statement whether the $500 was paid to Packer or the bank, and under the well-settled rule that affidavits which support a motion to open a judgment by confession are to be considered most strongly against the mover, it is to be taken that the payment was to Packer and not to the bank. The third instance of the payment of usury was upon an occasion when he applied for the renewal of the indebtedness about May 7, 1890, when the affidavit states that Packer informed Gindele that he, Packer, had stock in the appellant company to the amount of $1,000, which he had obtained as a commission in some transaction between the stockholders of said company, but notwithstanding Packer knew that said stock had no actual value whatever, he then and there insisted that affiant should buy the same from him and give him his note therefor for the sum of $500; that affiant knew that in order to procure the renewal of the loan, it was absolutely necessary for him to comply with the wishes of said Packer, and he then and there executed a note to Packer for said sum of $500 due in ninety days after date, with interest thereon at the rate of eight per cent per annum; that he has since paid said note to the receiver of said bank as in the hands of the bank, as assets; that some two weeks after the sale of said stock, Packer, as president of the bank,

extended the loan.   It is not shown that the bank had any interest in the stock sold by Packer, or that it received any part of the consideration paid to Packer for the stock. The sum of $500 represented by the note was no part of the renewals that were made.   The stock was not bought by the appellant company but by Gindele alone, and was shown only by assertion, not by the statement of facts, to have had any relation to the renewal of the paper to Gindele and the company.

Fourth, the affiant states that on November 18, 1890, he gave to Packer the sum of $125, which was not indorsed by said Packer or any one acting for the said bank on either of the notes, and he has received no credit therefor.

Applying to the statements of this affiant the rule heretofore alluded to, that such statements are to be taken most strongly against appellant, which rule has been repeatedly applied in this State, and the affidavit filed does not make out such a case as would require the court to set aside the judgment or open it to let the defendant in to make his defense.   Crossman v. Wohlleben, 90 Ill. 537.

The affidavit of Packer was filed and read on the hearing of the motion and he gives a different version of the payments of the different sums of money and of the payments of the two sums of $500 on the different occasions to him, and states that the bank derived no benefit from the payment of the same either directly or indirectly; the same were individual transactions between him and Gindele and were upon wholly different considerations from those stated by Gindele.   As to the stock of the appellant company, Packer says that it was his individual property; that he made the sale thereof to Gindele at Gindele's request, and that no part of the proceeds was received by the bank, and that the payment of $500 for the stock was not in consideration of the indebtedness to the bank; that the note given for $500 was discounted by him, Packer, with the bank, and that he received the full amount of the same less the regular discount; as to the $125 paid in November, he states that it was a transaction between him and Gindele, having no rela-

tion to the business of the bank, and in no wise for the benefit of the bank; it was made after Packer ceased to be president of the bank, and was in fact a loan from Gindele to him, Packer, for the said sum.

Where the case made upon the affidavits is such as to leave the matter in doubt whether the amounts claimed against the judgment ought justly to be allowed or not, the court will allow the defendant to plead and submit the issue of fact to trial by jury; but where, upon the whole case, it can not be said that the court is left in doubt, there is no reason why an issue of fact should be thus submitted. Upon a careful examination and consideration of the facts stated in the affidavits in this case, we are led to the conclusion that there is no such conflict as to any material issue as makes the question doubtful. Appellant contends that the action on the note could not be maintained in the name of the Park National Bank, as said bank was in the hands of a receiver appointed in pursuance of the United States statute. Possession of the note is evidence of property in it, and the defendant can not raise the question of beneficial ownership, save to make defenses available which would be good against such owner. McHenry v. Ridgely, 2 Scam. 309; Parks v. Brown, 16 Ill. 454.

The legal title to the note is in the bank though a receiver has been appointed, and he has the right to sue in the name of the bank to collect the note. It is no objection to the action that the usee is not named. The debtor is protected by the judgment in favor of the legal holder, and the question of beneficial interest does not concern him, but only the holder and beneficiary. Burnap v. Cook, 32 Ill. 168; Bank of Bethal v. Pahquioque Bank, 14 Wall. 382.

There is no error and the judgment must be affirmed.

*Judgment affirmed.*