ILLINOIS CONFERENCE OF EVANGELICAL ASS'N OF N. A.

*v.*

HENRY F. PLAGGE, Admr.

*Opinion filed December 21, 1898—Rehearing denied February 8, 1899.*

1. BILLS AND NOTES—*when administrator of endorsee for collection may maintain suit.* A blank endorsement of a note delivered to an agent for collection authorizes the latter to write an assignment of the note to himself over the endorsement, and, having the legal title, he may bring a suit thereon in his own name, which may be continued by his administrator.

2. SAME—*that other parties than plaintiff are beneficially interested is not a defense to the suit.* Parties beneficially interested in a note may intervene in a suit thereon by the holder of the legal title, and their rights will be protected; but the mere fact of the existence of such interest, in the absence of any intervention, is not a defense.

3. SAME—*judgment in favor of holder of legal title is a defense against payee.* A judgment in favor of one having possession of a promissory note and the legal title thereto will constitute a legal defense against the payee, though such possession and title were held merely to enable the holder to collect the note.

4. CORPORATIONS—*section 32 of Corporation act construed as to power of religious corporation to borrow money.* In order to hold a religious corporation not for pecuniary profit responsible for the act of its treasurer in borrowing money for the society and giving its notes therefor, it is not indispensable to a compliance with section 32 of the Corporation act (Rev. Stat. 1874, p. 291,) that the records of the society should expressly show that a majority of the members voted to borrow the money or to ratify the treasurer's action.

5. EVIDENCE—*what sufficient to show ratification of act of treasurer of religious corporation in borrowing money.* Ratification by a religious corporation of the act of its treasurer in borrowing money is established by the record of the society's proceedings, which shows that the treasurer received the money as a loan to the society and issued its notes evidencing the loan, that the trustees used the money for the society and paid interest on the notes, and that the society, as a body, was advised of the indebtedness and payments of interest and approved such action of the trustees.

*Illinois Conference v. Plagge,* 76 Ill. App. 468, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that Court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

Ritchie, Esher & Knobel, for appellant:

The power of the trustees of a corporation not for pecuniary profit to borrow money is thus defined: "Said trustees or managers may, upon consent of the corporation, society or association, expressed by a vote of a majority of the members thereof, borrow money to be used solely for the purposes of their organization." Rev. Stat. chap. 32, sec. 32.

So far as the treasurer's *ex officio* authority goes, the articles of association expressly limit his powers to such as are "usually assigned" to that office. It is a treasurer's duty to preserve and pay out funds, but not to incur debts or borrow money. *Adams* v. *Mills,* 60 N. Y. 533; *Craft* v. *Railroad Co.* 22 N. E. Rep. 920; *Chemical Bank* v. *Wagner,* 20 S. W. Rep. 525; *Columbia Bank* v. *Church,* 6 N. Y. Supp. 537.

Where the statute thus explicitly designates the mode of incurring a corporate obligation of a certain character, the corporation cannot be charged unless that special mode is carefully followed. All other modes (as by estoppel, or by assent implied from the acceptance and use of the money,) are excluded. *Landers* v. *Frank Street Church,* 97 N. Y. 119; 114 id. 626; *Palmer* v. *Wardens,* 16 Fed. Rep. 742; *People's Bank* v. *Church,* 109 N. Y. 512.

Where notes are endorsed by the owners and delivered to another as mere agent to collect, this power does not pass to the latter's administrator, and the latter cannot maintain suit thereon. *Merrick's Estate,* 8 W. & S. 402; *Best* v. *Bank,* 76 Ill. 608; *Floury* v. *Tufts,* 25 Ill. App. 164; *Fawcett* v. *Insurance Co.* 5 id. 275; *Lock* v. *Leonard,* 37 Mich. 478; *Thompson* v. *White,* 45 Me. 445; 2 Woerner on Administrators, sec. 312; *Dan* v. *Norris,* 24 Conn. 333.

A note endorsed for collection cannot be transferred by one receiving it under such endorsement, to another who has notice of the limitation upon the authority of the holder. *Claflin* v. *Wilson,* 5 Iowa, 17.

Knecht & Bullard, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District, affirming a judgment, in the sum of $3368.89, entered in the circuit court of Cook county, in an action of assumpsit brought by Friedrich Plagge, the intestate of appellee administrator, against the appellant association. During the pendency of the action the plaintiff died, and the appellee, his administrator, was substituted as plaintiff and judgment rendered accordingly.

The declaration counted on five promissory notes alleged to have been executed by appellant association to as many different payees, and by such payees respectively assigned, by endorsement, to said Friedrich Plagge, deceased. It was stipulated said notes were "transferred or delivered, at least to the said decedent, as agent, for collection." Whether the signature of the payee appearing on the notes was placed there for the purpose of assigning and transferring the legal title to the endorsee, or for the purpose of acknowledging payment of interest, as contended by appellant, were questions of fact, which must be regarded as conclusively settled adversely to the appellant's contention by the judgment of the Appellate Court.

The court refused to instruct the jury, as asked by the appellant, that the endorsement of a promissory note for the mere purpose of enabling the endorsee to sue for and collect the same for the benefit of the endorser or payee is not such a transfer of the title to the note as will pass to the administrator of the endorsee. This ruling is assigned as for error. The endorsements were in blank. This conferred authority to the holder to write in the blank space an assignment of the instrument to him. The endorsement so filled in placed the legal title to the notes in the endorsee. The right to institute an action at law on a note is in the holder of the legal title to the note. If necessary to enable the maker to present some defense

not available against an endorsee, it might be shown the beneficial interest still remained in the payee; but the mere fact another than the party plaintiff is entitled to the proceeds of the collection of the note assigned to him is not a defense to the action. *Lohman* v. *Cass County Bank*, 87 Ill. 616; *Henderson* v. *Davisson*, 157 id. 379.

The legal title to the notes which vested in the decedent fully authorized him to institute action in his own name, and upon his death the action did not abate, but survived to his administrator, and the appellee, in that capacity, was properly substituted as plaintiff. Whether others have an equitable or beneficial interest in the proceeds of the collection of a note need not be disclosed by the pleadings in an action at law by the party holding the legal title to the note: It is sufficient, in such case, the action is in the name of the holder of the legal title. Persons entitled to the beneficial interest may interfere in such actions and their rights will be protected, but in the absence of such interference defendants have no concern therewith. A judgment in favor of a party having possession of a promissory note and legal title thereto will constitute a legal defense against the payee of the note, though such possession and legal title be merely for the purpose of accomplishing the collection of the paper.

The appellant association is a corporation organized under the provisions of chapter 32 of the Revised Statutes, entitled "Corporations," which authorizes the formation of corporations "not for pecuniary profit." The power of such corporations to borrow money is defined by section 32 of said chapter, which is as follows: "Said trustees, managers or directors may, upon consent of the corporation, society or association, expressed by a vote of a majority of the members, thereof, borrow money, to be used solely for the purposes of their organization."

A book purporting to contain the record of the proceedings of the board of trustees of the appellant association, and also of the appellant conference, and another

purporting to contain the records kept by the treasurer of the corporation, were offered and received in evidence. These books were identified by a witness who occupied the position of treasurer of the association at the time the entries desired to be considered in evidence were made. It was and is objected these records should have been identified by the custodian thereof. They were produced by appellant in answer to notice demanding their production, and were fully identified by a witness who was a member of the board of trustees at the time of the alleged transactions, and who was at the same time treasurer and kept the treasurer's record produced in court. The appellant was not, under the circumstances, prejudiced by the ruling of the court admitting these books in evidence.

It appeared from entries in the record kept by the treasurer, that that official, as treasurer for the appellant conference, received from the payees of the notes sued on, the sums of money mentioned in said notes, and other entries in the same book recorded the payment of moneys out of the funds of the conference to such payees in discharge of interest accrued on notes held by them. It appeared from the records of the board of trustees the conference was indebted to various persons for borrowed money, and that the reports of the treasurer were, from time to time, approved by the board of trustees, and that committees appointed at different times within the period in question to examine and audit the accounts of the treasurer reported such accounts correct and that the books and papers of that official "were in good order," and that the reports of such committees were approved by the board of trustees. It appeared from the records of the proceedings of the conference the proceedings of the board of trustees as recorded were read to the conference and approved and ratified. The record of the conference contains statements, from time to time, of the amount remaining due and unpaid for borrowed money.

The records in some instances show the action of the members of the conference was unanimous, and in other instances simply that the action was taken by the conference. We do not construe the provision of the statute hereinbefore set out to make it indispensable it should expressly appear from the record of the proceedings of the conference a majority of the members voted to authorize money to be borrowed, or for measures or proceedings having the effect to ratify the act of the board of trustees in borrowing money. It seems clear, from the records produced, the financial officer of the corporation received the money as a loan to the conference; that he executed the notes in question to evidence such loans; that the board of trustees applied such money to the purposes of the conference, including the payment of interest on the notes in suit; that the conferences were advised as to such indebtedness and such payments, and approved and endorsed the acts of the board of trustees, and knew of and ratified the appropriation of the money so borrowed to the uses of the conference. In the absence of any evidence tending to the contrary, we ought, in such state of case, assume the consent of the conference was expressed in compliance with the statute which authorized it to borrow money. We think the court did not err in admitting the records in evidence. The records established the consent and ratification by the conference of the acts of the treasurer and board of trustees in borrowing the money and executing the notes therefor.

What has been said disposes of the objections urged to the rulings of the court as to the admissibility of testimony and in passing on the instructions asked by the appellant conference.

Other contentions of appellant relate to questions of fact only, which were finally settled by the judgment of the Appellate Court.

The judgment is affirmed.    *Judgment affirmed.*