# John Feulner, Appellee, v. Anna Gillam, Appellant.

## Gen. No. 23,515.

1. PLEADING, § 404*—*when evidence admissible under plea.* *Semble,* that if a plea is good on demurrer, the evidence offered in support of it should be held admissible.

2. EVIDENCE, § 327*—*when parol evidence is inadmissible.* Pursuant to the general rule that parol evidence is inadmissible to vary or contradict a written contract, if a bill or note is absolute on its face, evidence of a verbal agreement, made at the same time, qualifying its terms is not admissible.

3. EVIDENCE, § 327*—*when parol evidence is inadmissible.* Parol evidence is inadmissible to show that a note absolute on its face was to be paid to some other person than the one named therein as payee.

4. BILLS AND NOTES, § 327*—*what is no defense in action on note.* It is no defense to an action on a promissory note that the plaintiff, although the holder of the legal title to the note, is merely a nominal party in interest and that the beneficial interest in the note is in another.

5. EVIDENCE, § 327*—*when may be shown by parol that plaintiff is merely trustee or agent for another.* Where the plaintiff in an action on a promissory note to which he has the legal title is, in fact, merely the trustee or agent for another who is the beneficial owner of the note, parol evidence is admissible to show such fact, provided the defendant has a good defense to the note as against the beneficial owner.

6. BILLS AND NOTES, § 327*—*what defense available where action is brought by trustee or agent.* In an action to recover on a promissory note brought by one who, while holding the legal title, is merely agent or trustee for the beneficial owner of the note, defendant may interpose any defense which might be set up against the beneficial owner, just as though the action had been brought in the latter's name.

7. BILLS AND NOTES, § 420*—*when error to exclude evidence as to ownership of note.* In an action to recover on a promissory note, where defendant sets up that her mother was the real owner of the note and had forgiven her the note and had directed that it be canceled and returned to defendant, it is error to refuse to admit evidence in regard to the beneficial ownership and to exclude

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

from evidence a certified copy of the mother's will by which the note was bequeathed to defendant.

8. EVIDENCE, § 223*—*what properly excluded as hearsay in action on note.* In an action to recover on a promissory note in which defendant sets up that the mother's estate and not the plaintiff was the beneficial owner, evidence of third persons as to conversations with the mother offered to show that the beneficial ownership was in another than plaintiff is properly excluded as hearsay.

9. WITNESSES, § 95*—*when defendant not incompetent as witness.* Hurd's Rev. St. ch. 51, sec. 2 (J. & A. ¶ 5519) does not apply to exclude the evidence of the defendant in an action to recover on a promissory note because of the fact that the defense is set up that plaintiff is, in fact, as to such note, trustee for plaintiff's deceased mother and merely the holder of the legal title, where plaintiff seeks to recover as the absolute owner of the note.

Appeal from the Superior Court of Cook county; the Hon. JOSEPH SABATH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed and remanded. Opinion filed May 15, 1918. Rehearing denied June 3, 1918.

SPENCER WARD, for appellant.

MANIERRE & PRATT, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

This is an action in assumpsit brought by the appellee on a promissory note for $8,000, in which he was the payee, against the appellant, the sister of the appellee and maker of the note in question. The defendant pleaded the general issue and also a number of special pleas. The plaintiff demurred to all the special pleas, and the demurrers were sustained to all except those designated as the second, third and fourth special pleas, to which the demurrers were overruled, whereupon the plaintiff filed replications to those pleas. In the second special plea, the defendant

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

set forth that the plaintiff was without right of action as against her because, at the time of the execution of the note in question, he was the agent of the mother of the parties and had charge of her affairs and business and transacted the same in the mother's name, and that the defendant being indebted to her mother, and for the purpose of evidencing said indebtedness, executed the note in question with the name of the plaintiff therein as payee, and that the plaintiff at no time had any interest in the note except as agent of his mother, who was always the sole owner of the note and the only one interested in the proceeds thereof, and that later the mother died testate, and her last will and testament was duly probated, in and by which will the mother gave and bequeathed the defendant said promissory note with all there was due thereon at her death, and directed that the note be canceled and delivered to the defendant, the plea concluding: "Wherefore the said promissory note was before the time of the beginning of this suit, cancelled and discharged by the owner thereof, and this defendant was released from the payment thereof." The third plea set up the same facts and concluded: "Wherefore the defendant became and was the legal owner of the said promissory note at and prior to the time of the commencement of this suit, and at the time of the commencement of this suit the plaintiff was not the legal owner or holder of said note." The fourth special plea again recited the same facts except it did not set forth the provisions contained in the will with reference to the note, but merely that the mother left a last will and testament, and that the same had been duly admitted to probate, this plea concluding: "Wherefore the legal title to said promissory note is not and was not, at the time of the commencement of this suit, in the said plaintiff."

On the trial, the plaintiff introduced the note in evidence and stated the amount alleged to be due thereon

and rested. Thereupon, the defendant took the stand as the first witness in her behalf and her counsel asked her a number of questions based upon the line of defense set forth in the special pleas, to all of which the plaintiff objected. The court sustained these objections, and, in order to save the time of the court, the defendant made a formal offer of proof substantially following the line of defense as pleaded in her special pleas, to which objection was also made by the plaintiff and objection was sustained. The defendant further offered a certified copy of the last will and testament of her mother together with a certified copy of the proof of will in the Probate Court and the letter's testamentary issued by that court. An objection being made to this, it also was sustained. The defendant then offered to show by a Mrs. Broeker that certain declarations had been made to the witness by the defendant's mother to the effect that the plaintiff had managed all her affairs and that the sum represented by the note in question belonged to her (the mother) and not to her son. The court also sustained the objection made to this offer of proof. The defendant further offered to show by a Mrs. White, who was a witness to the mother's last will and testament, that the mother had talked with the witness immediately after the date of making the will and stated that she had made the will largely for the reason that she was afraid from the way the plaintiff was acting that he would not do the right thing by the defendant. The court sustained the plaintiff's objection to this offer of proof, whereupon the court, on motion of the plaintiff, instructed the jury to find the issues in his behalf, and to assess the plaintiff's damages at the sum of $10,514. Judgment for the plaintiff in that amount followed, from which the defendant has appealed.

The defendant urges that the judgment of the trial court should be reversed and the cause remanded by reason of the alleged errors of the trial court in ruling

upon the evidence. It is difficult to reconcile the rul-
ings on the demurrers to the special pleas with the
rulings on the evidence. If the pleas were good on
demurrer, it would seem that the evidence which was
offered in support of them should be held admissible.

It is a general principle of law that parol evidence
is inadmissible to vary or contradict a written contract
and therefore, if a bill or note be absolute on its face,
no evidence of a verbal agreement made at the same
time, qualifying its terms, can be admitted. This rule
applies to the offer of parol evidence to the effect that
the note was to be paid to some person other than the
person named in the note as the payee. Daniel on
Negotiable Instruments, sec. 80. It is no defense
to an action on a promissory note that the plaintiff,
although the holder of the legal title to the note, is
merely the nominal party in interest and that the bene-
ficial interest in the note is in some one other than
the plaintiff. *Illinois Conference v. Plagge,* 177 Ill.
431. It is a matter of no consequence, so far as the
defendant is concerned, who may be the equitable
owner of the note. But this is true only where the
defendant has no defense to the note as against the
equitable owner. *Caldwell v. Lawrence,* 84 Ill. 161.
Where the plaintiff sues on a promissory note to which
he has the legal title and he, in fact, is merely the
trustee or the agent for another who is the beneficial
owner of the note, parol evidence is admissible to
prove that fact, *provided the defendant has a good
defense to the note as against the beneficial owner,*
and, in such case, the defendant may interpose as
against the plaintiff any defense which might be set
up as against the beneficial owner just as though the
suit had been brought in the latter's name. Daniel on
Negotiable Instruments, sec. 1181a; 8 Cyc. 61, 79;
*McHenry v. Ridgely,* 3 Ill. 309; *Merrill v. Randall,* 22
Ill. 227; *Belohradsky v. Kuhn,* 69 Ill. 547; *Chicago Fire
Proofing Co. v. Park Nat. Bank of Chicago,* 44 Ill.

App. 150.   It is pointed out in the latter case that where an action is brought by the legal holder, with the beneficial interest in another as to whom the debtor has no defense, "the debtor is protected by the judgment in favor of the legal holder, and the question of beneficial interest does not concern him, but only the holder and beneficiary." But it will be clearly seen that where the debtor does have a good defense as against the beneficiary, a judgment in favor of the legal holder will afford him no protection.   In the same case the court says: "Possession of the note is evidence of property in it, and the defendant cannot raise the question of beneficial ownership, *save to make defenses available which would be good against such owner.*"

We are, therefore, of the opinion that the trial court erred in sustaining the objections to questions put to the defendant with regard to the beneficial ownership of the note.   The situation would have been different if the defendant sought merely to show that her brother, although possessing the legal title to the note, was merely the nominal owner, and that her mother was the real owner of the note, but her defense was more than that, namely, that her mother had forgiven her the note and directed that it be canceled and be given back to her.   If the defendant could prove her contentions, she had a perfectly good defense on the note as against the beneficial owner, her mother, and if that were the case under the decisions referred to, she had the right by parol proof to establish the beneficial ownership in her mother and to show that defense.   It follows that the court also erred in sustaining the plaintiff's objection to the certified copy of her mother's will.

We are of the opinion that the trial court was correct in sustaining the objection to the offer of testimony to be given by Mrs. White as being immaterial, and also in sustaining the offer of testimony to be given

by Mrs. Broeker. That testimony was on the question as to whether another than the plaintiff was the beneficial owner, and was clearly hearsay as to the plaintiff.

It is urged by the plaintiff that all the rulings of the trial court on the evidence, so far as they concern the defendant as a witness, were warranted, by reason of the fact that, on her theory of defense, she, herself, would be an incompetent witness. In this connection, the plaintiff contends that inasmuch as the defendant seeks to defend on the theory that the plaintiff is in fact the trustee for their mother and the success of her defense depends upon the establishing of that trusteeship, she, the defendant, automatically becomes an incompetent witness under the provisions of section 2 of chapter 51, Illinois Statutes (J. & A. ¶ 5519), providing that no party shall be allowed to testify therein in his own behalf when any adverse party sues or defends "as the trustee or the conservator of any idiot, habitual drunkard, lunatic or distracted person, or as the executor, administrator, heir, legatee or devisee of any deceased person, or as guardian or trustee of any such heir, legatee or devisee, unless when called as a witness by such adverse party so suing or defending." In our opinion, this section of the statute has no application to the situation in question. Assuming that the defendant is correct in her contention as to the real status of the plaintiff with regard to the note sued upon, that in no way changes the capacity in which the plaintiff has brought his suit. He would still remain the party plaintiff suing as one having the legal title to the note, and seeking, by the action brought, to recover thereon as the absolute owner of the note.

For the reasons given, the judgment of the Superior Court will be reversed and the cause remanded to that court for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*