## Lazo D. Popovsky, Appellee, v. Granite City Trust and Savings Bank, Appellant.

1. NEGOTIABLE INSTRUMENTS—*right of indorsee in blank to fill in his own name.* If the indorsements and assignments of a certificate of deposit are regular and legal, the assignee has authority to write in his name as assignee over the blank indorsements, without payee's consent.

2. NEGOTIABLE INSTRUMENTS—*that holder is merely nominal party in interest, no defense.* Unless the maker of a promissory note has a defense against the equitable owner thereof, he cannot assert as a defense to the suit of the holder thereof that the latter is only the nominal party in interest.

3. NEGOTIABLE INSTRUMENTS—*rights of equitable owner as a defense in action on instrument.* The legal owner by assignment of a certificate of deposit has a right to bring suit thereon in his own name against the issuing bank which cannot defend on the ground that plantiff is only the nominal party in interest after admitting it has no defense against the alleged equitable owner by claiming the latter is wholly entitled to the certificate.

FOURTH DISTRICT—FEBRUARY, 1927.      527

Popovsky v. Granite City Trust & Savings Bank, 243 Ill. App. 526.

4.   JUDGMENT—*in action by legal owner as defense against equitable owner.* Judgment on a certificate of deposit in favor of the assignee and legal holder against the bank maker will protect the bank against possible claims of the original payees' estate which is alleged by the bank to be the equitable owner.

Appeal by defendant from the City Court of Granite City; the Hon. M. R. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed February 19, 1927.

HARRY FAULKNER, for appellant.

BANDY & FORTH, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an action in assumpsit brought by appellee, Lazo D. Popovsky, against the Granite City Trust and Savings Bank, appellant, based on a time certificate of deposit issued by appellant to Vasil N. Ajiovsky under date of February 10, 1925, payable 12 months after date upon return of the certificate properly indorsed, with interest at the rate of 4 per cent per annum. To the declaration, appellant filed the general issue and three special pleas. The first special plea avers that the certificate in question was the property of the payee therein, Vasil N. Ajiovsky, at his death, and that the money due thereon was payable to the executor of his will. The second avers that appellee is neither the legal nor equitable owner of the certificate nor entitled to the proceeds thereof. The third avers that appellee is not the bona fide holder of the certificate in the regular course of business without notice and for a consideration. On trial before the court without a jury, a judgment was entered in favor of appellee for the amount due on the certificate, from which said bank has appealed. There is no question raised as to the genuineness of the signature on the back of the certificate of Vasil N. Ajiovsky, the payee therein named.

He was afflicted with tuberculosis and in a hospital in St. Louis. While there in December, 1925, he gave this certificate with two others to a friend by the name of Meschuroff who in turn delivered this one to appellee on January 8, 1926. Appellee in company with his aunt, Mrs. Turpenoff, took the certificate to the hospital on January 9, 1926, where Ajiovsky indorsed it in blank and gave it back to appellee. There is evidence also tending to show that the payee there told appellee to cash the certificate and keep the money and every year send $100 or $150 to his parents in the old country. Appellee had his stenographer write over the indorsements of the payee the words "payable to the order of Lazo D. Popovsky, January 12, 1926," and he testified that he afterwards showed the special indorsement to Ajiovsky who said, "All right." On January 13, 1926, appellee, Markovsky, an uncle of Ajiovsky, and one Lahey visited him at the hospital and after some conversation, relating to the sick man's property, he requested that they have a will drawn for him immediately. Complying with his request, they went to the office of a lawyer and had a will drawn and together with the lawyer returned to the hospital where it was executed. This will bequeathed everything to appellee and Markovsky in trust and provided that they were to pay to the parents of the testator not to exceed $300 annually, and the two trustees were also named as executors.

Ajiovsky died on January 17, 1926. It appears that the will was probated but appellee declined to accept his appointment as one of the trustees and executors. After the maturity of the certificate, appellee caused it to be deposited in the Granite City National Bank on his account. On February 12, 1926, it was presented to appellant for payment which was refused and the certificate protested. Appellant stated the reason for protesting and not paying the certificate was that Ajiovsky was dead and had left a will and that there

were other claimants to the sum named in certificate. The indorsement and assignment of this certificate to appellee was regular and legal and appellee, even without the consent of the payee, would have had the right to write in his name as assignee over the blank indorsement (*Illinois Conference of Evangelical Ass'n of North America v. Plagge,* 177 Ill. 431), and this made appellee the legal holder of the certificate.

It is no defense to an action on a promissory note that the plaintiff, although the holder of the legal title to the note, is merely the nominal party in interest, and that the beneficial interest in the note is in some one other than the plaintiff. It is a matter of no consequence, so far as the defendant is concerned, who may be the equitable holder of the note unless the defendant has a defense as against the equitable owner thereof. (*Illinois Conference of Evangelical Ass'n of North America v. Plagge, supra; Feulner v. Gillam,* 211 Ill. App. 348.) So in this case, appellee, being the nominal party in interest and the legal owner of the certificate in question, had the right to bring suit thereon in his own name and it was no defense that the estate of Ajiovsky was the equitable owner of the note, if such was the fact, unless appellant had some defense to the certificate which could be set up, if suit should be brought thereon by the executor of the payee. Such was not the contention of appellant. On the contrary, it contended that the certificate was the property of the estate of the payee. Appellant, however, cannot avail itself of that as a defense, in this suit, but it will be fully protected by the judgment in this case in favor of appellee, the legal holder, in the event suit should be brought against it by the executor of the payee, even though that estate of the payee was the equitable owner of the certificate. The judgment of the lower court is therefore correct and should be affirmed.

*Judgment affirmed.*